(45 Misc. Rep. 314.)

### PEOPLE v. ADDES et al.

(Court of General Sessions, New York County. November, 1904.)

CRIMINAL LAW—APPEAL—LACHES.

> Under Code Cr. Proc. § 759, providing that appeals from convictions before magistrates of the city of New York must be brought to argument by defendant at the next term on a notice of not less than 10 days, delay in bringing on for argument before a Court of General Sessions such an appeal, where the notice is not given within the prescribed time, requires the dismissal of the appeal in accordance with section 760, where no sufficient reason for the neglect is shown.

William Addes and Max Siliver were convicted of disorderly conduct, and appeal. Dismissed.

Maurice F. Gotlieb, for appellants.

William Travers Jerome, Dist. Atty. (Edward Sandford, of counsel), for the People.

FOSTER, J. This is an appeal from a judgment of a magistrates' court rendered October 10, 1904, adjudging the defendants, and each of them, guilty of disorderly conduct under section 1458 of the New York City Consolidation Act, Laws 1882, p. 366, c. 410, and requiring them to give bonds in the sum of $1,000 for their good behavior, which, I am informed, they have done.

The appeal herein was allowed by this court on the 17th day of October, 1904. It was noticed for argument for the 21st day of November, 1904, and the notice of argument was served on the 10th day of November, 1904. This term of the court began November 7, 1904. Section 759 of the Code of Criminal Procedure provides as follows: "The appeal must be brought to argument by the defendant at the next term, upon a notice of not less than ten days before said term to the district attorney of the county." The appellant concedes that this provision

was not complied with, and contends that section 760 of the Code of Criminal Procedure, which provides, "If the defendant omit to bring the appeal to argument, as provided in the last section, the court must dismiss it, unless it continue the same, by special order, for cause shown," makes it discretionary with the judge to hear the appeal at any time. In view of the facts set forth in the magistrates' return, and of the statement made by the district attorney of the great delay that has heretofore existed in bringing these appeals to argument, I am constrained to believe that the interests of justice require the enforcement of the provisions of section 759, to the end that these appeals may be promptly heard and disposed of. No sufficient reason is shown here for the delay, and I am not therefore justified, by special order, in continuing this hearing. I hold and decide, therefore, that the notice of argument herein was served too late, and that the appeal for that reason must be dismissed.

Appeal dismissed.