THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOE CIMINI, Appellant.

(County Court, Yates County, March, 1907.)

Criminal procedure — Proceedings on review — Right of review and procedure — Proceedings to obtain review: Service of affidavit, etc.— Review — Matters not in record — Conclusiveness of return.
Code of Criminal Procedure, §§ 752, 754, 760.

> Where no copy of the affidavit upon which an appeal from a conviction in a police court, together with notice that the appeal had been allowed, has been served upon the district attorney, as required

by section 752 of the Code of Criminal Procedure, nor an undertaking given as required by section 754, nor the appeal brought to argument at the next term of the County Court, and no justification for continuing the case " by special order," as provided by section 760, exists, the appeal will be dismissed on motion of the district attorney.

*It seems,* that, upon the hearing of an appeal from a conviction in a police court, the return of the magistrate cannot be attacked collaterally.

MOTION to dismiss an attempted appeal from a judgment rendered in police court, adjudging the defendant guilty of assault in the third degree, for failure to prosecute the same as provided in sections 759 and 760 of the Code of Criminal Procedure, and on the ground that service has not been made on the district attorney as directed by sections 752 and 761 of the same Code.

Thomas Carmody, for appellant.

Spencer F. Lincoln, district attorney, for People.

KNOX, J. The defendant has attempted to take an appeal from a judgment rendered February 5, 1907, adjudging him guilty of an assault in the third degree. The judgment was rendered in police court.

The return was made and filed February 8, 1907.

The appeal is based upon affidavits alleging that the magistrate failed to advise the defendant that he was entitled to counsel and proceeded to try him, without having so advised him, and without permitting him to procure counsel.

The defendant had an absolute right to take an appeal, and alleged good ground for it, if true.

The practice on appeals from Courts of Special Sessions is clearly defined in title 3, part 5, of the Code of Criminal Procedure. Section 752 of that title, after providing for the presentation of the affidavit to the judge, reads as follows: " And the defendant, or his attorney, must, within five days thereafter, serve a copy of the affidavit upon which the appeal is granted, together with a notice that the same has

been allowed, upon the district attorney of the county in which the appeal is to be heard."

This was not done in this case.

To perfect such an appeal an undertaking must be given and immediately filed with the clerk of the County Court; and that officer is required, within five days thereafter, to give notice to the district attorney that such bond has been filed, which notice shall give the names of the defendant and his sureties, the offense for which the defendant was charged and the amount of the bail given. Section 754.

The affidavit must be delivered to the magistrate within five days, and when so delivered the appeal is deemed taken. Section 755.

Other sections point out the duty of the magistrate as to making a return, the filing of the same in the office of the county clerk and the time within which he shall so make and file it.

"The appeal must be heard on the original return." We quote sections 759–761.

"§ 759. The appeal must be brought to argument by the defendant at the next term, upon a notice of not less than ten days before said term to the district attorney of the county.

"§ 760. If the defendant omit to bring the appeal to argument, as provided in the last section, the court must dismiss it, unless it continue the same, by special order, for cause shown.

"§ 761. The defendant must serve upon the district attorney, a copy of the return, with or before the notice of argument. If he fail to do so, the appeal must be dismissed, upon proof of the failure, unless the court otherwise direct."

There is no pretense of an attempt at compliance with section 759, nor has the service been made on the district attorney required by section 761.

Counsel for appellant gives no satisfactory excuse for noncompliance with the provisions of the sections pointed out, but stoutly insists that the appeal ought to be heard upon the merits, and that it is within the discretion of the court to work such disposition of the case as will bring about such result.

I have examined the return made in this case and find that the magistrate has met the ground upon which the appeal is taken by stating, positively, that he informed the appellant of his right to counsel at the time he was arraigned before him; and again, on the next day, which was the day of the trial, " I again informed him of his right to counsel and I stated to him that as a result of the trial he might be imprisoned and that he should have a lawyer. He said he was ready to be tried."

This return cannot be attacked collaterally and, therefore, were the argument of the appeal before me, an affirmance would have to follow.

Good reason for any delay does not appear, nor does justification for continuing the case in any manner " by special order " exist, in my opinion.

The motion should be granted and the appeal should be, and is, dismissed for noncompliance with the sections of the Code of Criminal Procedure hereinbefore pointed out, and for the further reason that the return shows no merit left for the argument of the appeal.

A proper order in conformity with the views herein expressed will be prepared.

Appeal dismissed.