THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EDWARD M. CORNELL, Defendant.

County Court, Delaware County, February 6, 1946.

*Gleason B. Speenburgh,* District Attorney, for plaintiff.

*Robert Bishop* for defendant.

CURTIS, J. It is claimed by the District Attorney that by reason of the failure of the defendant to cause the affidavit mentioned in section 751 of the Code of Criminal Procedure to be served upon the Justice of the Peace, and also his failure to serve a copy upon the District Attorney, the order admitting the defendant to bail should be vacated and the interrupted imprisonment of the defendant be completed.

The defendant's counsel admits that the appeal has not been " deemed taken " as those words are used in section 751, but asks leave to cure the defect under section 524-a. The District Attorney claims that section 524-a does not apply to an appeal from a Court of Special Sessions.

The right to appeal is a privilege granted by statute and the procedural requirements must be followed. The appellate court has no power to extend the time of appeal or to cure otherwise omissions in taking the appeal. Section 524-a is not applicable to an appeal from a Court of Special Sessions.

The Code of Criminal Procedure is divided into six parts. Part IV carries the heading " OF THE PROCEEDINGS IN CRIMINAL ACTIONS PROSECUTED BY INDICTMENT ". Part V has the heading " OF PROCEEDINGS IN COURTS OF SPECIAL SESSIONS AND POLICE COURTS ". In *People* v. *Giles* (152 N. Y. 136, 138) the court made this appropriate statement: " This section [referring to § 749] is included in part five of the Code, which provides for a complete system of procedure, independent of that provided for in part four, except in so far as the provisions of part four are expressly adopted in part five."

Part V contains no provision directly or by inference which can be construed as incorporating section 542-a in the procedure relating to appeals from Special Sessions.

Title XI of Part IV covers appeals taken in prosecutions under indictments and is complete in itself. Likewise, Title III of Part V has the heading " OF APPEALS FROM COURTS OF SPECIAL SESSIONS IN THE COUNTIES OTHER THAN THOSE WITHIN THE CITY OF NEW YORK " and is complete in itself.

It is recognized that subdivision 2 of section 520 specifies the court to which an appeal is taken from a Court of Special Sessions. And section 750 provides that an appeal may be taken as provided by section 520.

Section 521 is not applicable to appeals from Special Sessions because the subject matter therein relating to the time to take an appeal is covered by section 751. Section 522 is inconsistent with section 751 as to the manner of taking an appeal and hence cannot be deemed applicable to the appeal in question. The same is true as to section 523. Section 524 certainly is not applicable to an appeal from a Court of Special Sessions. There is no reason why section 524-a should apply, especially as it contemplates that the court shall have a clerk upon whom notice of appeal may be served. A justice of the peace holding a Court of Special Sessions does not have a clerk.

There is another reason why the attempted appeal is without legal effect. The defendant was convicted in May, 1945, and the thirty-day limitation prescribed in section 751 for the time of taking an appeal, expired without any effort on the part of the defendant to review the conviction. The defendant claims that section 751 allows an appeal from the '' commitment '' of the defendant to the county jail on the 27th of October, 1945.

The history of sections 749 and 751 irresistibly leads to the conclusion that the commitment referred to in section 751 is the same commitment referred to in section 749 and hence is the commitment which might be made under section 486 of the Penal Law relating to neglected and delinquent children. An appeal may be taken from a judgment of commitment made under that section, but otherwise there is no appeal to the County Court from a commitment.

Prior to 1890 there was no reference in either section 749 or section 751 to an appeal from a commitment. Nor was there any prescribed procedure to review a judgment of commitment under section 486 of the Penal Law, then section 291 of the Penal Code.

By chapter 39 of the Laws of 1890, section 749 was amended so as to permit an appeal from a judgment of commitment under section 291 of the Penal Code. By the same chapter, section 751 was amended so as to regulate the time for taking an appeal from a '' commitment ''. · By the same chapter, section 768 was amended to prescribe the court in which new trial should be had in case one was ordered upon appeal. By the same chapter, section 771 was amended so as to permit an appeal to the Court of Appeals from a judgment of commitment of a child.

Thus it clearly appears that the commitment referred to in section 751 had its genesis in chapter 39 of the Laws of 1890 which, according to its title, relates " to the review of commitments of children on appeal."

The proceedings under section 486 do not result in a judgment of conviction. They result in a judgment of commitment.

On the other hand, a conviction in a Court of Special Sessions is evidenced by a certificate of conviction, and the defendant is delivered to the sheriff under a certified copy of the certificate of conviction as provided in section 725. There is no separate instrument in writing which the code designates as a commitment.

The proceedings result in a commitment. They also result in an imprisonment, but there is no appeal from the results of a legal instrument. The appeal, if any, is always from an instrument in writing.

It is recognized that the conclusions herein reached are not in accord with the statements which may be found in opinions rendered in the County Courts of other counties (see *People* v. *Jacobs,* 51 Misc. 71; *People* v. *Robarge,* 142 Misc. 457).

If the defendant is improperly imprisoned through a revocation of the suspension of his sentence without giving him a hearing before the justice, a writ of habeas corpus is apparently an appropriate remedy (*People ex rel. Benacquista* v. *Blanchard,* 267 App. Div. 663).

For the reasons above stated, an order may be entered vacating the order granted on the 3d of November, 1945, admitting the defendant to bail.