Chandler S. Knight, J.
The defendant was convicted of speeding in violation of subdivision 3 of section 56 of the Vehicle and Traffic Law, in a Court of Special Sessions of the Town of Minden, on January 26, 1957, and fined the sum of $10.
On March 19, 1957, a return on appeal, dated March 7, 1957, was submitted to this court. It did not contain an affidavit of errors. On April 17, 1957, the defendant’s attorney filed with this court an affidavit of errors, executed by the defendant and sworn to April 17, 1957, supposedly in compliance with section 751 of the Code of Criminal Procedure.
That section, relating to the method of appeal from a Court of Special Sessions, reads: ‘ ‘ An appeal must be taken within thirty days after the judgment or after the commitment, where the appeal is from the latter, by filing an affidavit with the magistrate or clerk of the court rendering the judgment or ordering the commitment, setting forth the alleged errors in the proceedings, conviction or commitment. A copy of the affidavit must be delivered within three days after the filing with the magistrate or clerk of the court, to the district attorney of the county in which the appeal is to be heard. Upon the filing of the affidavit, the appeal is deemed taken.” (Italics supplied.)
The right to appeal is a privilege granted by statute. The procedure required by statute must be strictly followed. The court has no power “ to relieve a defendant from his failure to comply with section 75Í of the code. * * * appeals from Courts of Special Sessions must be taken within thirty days by the very simple method of filing an affidavit of errors. Here there was no compliance whatever with the applicable statute ” (People v. Omans, 306 N. Y. 375, 377, 388).
The defendant, in this case, by failing to file an affidavit of errors with a magistrate or the clerk of the court within 30 days after judgment, and by failing, within three days thereafter, to deliver a copy of the affidavit to the District Attorney, finds himself in the same situation.
The appeal is dismissed.
An order mav be submitted accordingly.