Archibald C. Wemple, J.
The District Attorney made a motion to dismiss the above appeal on the grounds that the appellant had failed to comply with sections 751 and 761 of the Code of Criminal Procedure.
From the facts stated in the affidavit of Stanley G. Grabicki, Esq., assistant district attorney, it appears that the defendant’s counsel filed a notice of appeal and served the same on Emmet J. Lynch, Esq., then District Attorney of the County of Schenectady, on December 17, 1957 and, on the same date, also filed copies of said notice with the clerk of the Police Court of the City of Schenectady, and the clerk of the County Court of the County of Schenectady. The notice of appeal was in the usual form of a notice of appeal, stating that the defendant appealed to the County Court of the County of Schenectady from a judgment of conviction rendered against him by the Police Court of the City of Schenectady on the 16th day of December, 1957, convicting him of the violation noted above (Vehicle and Traffic Law, § 70, subd. 5-a) and quoting from the said notice the following appears: ‘' Defendant hereby appeals from each and every part of said judgment of conviction and sentence thereon as well as from the whole thereof.” The said notice of appeal filed with the clerk of the County Court was unsigned and undated.
It is not disputed that neither the defendant nor his attorney filed an affidavit of errors as required in section 751 of the Code of Criminal Procedure.
From the papers submitted to the court by the clerk of the court, it further appears that no return by the Police Court of the City of Schenectady has been filed in the County Clerk’s office. On this further ground of failure to comply with section 761 of the Code, the District Attorney also contends that the appeal is defective and should be dismissed.
The defendant’s attorney’s main contention in his answering affidavit is that on the date of conviction, namely December 16, 1957, he ordered a copy of the transcript of the minutes taken on the trial of said defendant from the official court stenographer and that, despite repeated urgings and requests, said minutes were not received by him until January 27, 1958. Because of this delay in obtaining the minutes of the trial, defendant’s counsel claims he was not in a position to file the necessary affidavit of errors. In this the defendant’s counsel’s point is not well taken. Whether or not he was in possession of the minutes, the defendant’s counsel was familiar enough with the trial testimony and all rulings of the trial court so that he could file an affidavit setting forth in general *804 outline the errors claimed by the said defendant. In fact, in the affidavit of defendant’s counsel, his main contention is that the conviction was a “ nullity ” because, he contends, no crime was committed within the framework of the violation of law charged. It is apparent that the defendant’s counsel could have alleged such an alleged error in an affidavit without referring to the minutes of the trial.
The law as stated in section 751 of the code is positive in requiring that the defendant appealing to the County Court must file an affidavit of errors. Since, admittedly, no such affidavit of errors was filed within the 30-day period, the appeal herein must be dismissed.
Since the appeal must be dismissed for failure to comply with section 751 of the code, it is unnecessary to consider the failure to file a return of the conviction from the Police Court to the County Court herein.
Submit order accordingly.