Archibald C. Wemple, J.
The above-named defendant was convicted in the Schenectady Police Court before Honorable Louis J. Rinaldi, Police Court Judge, and a jury, on July 24, 1958, of being a common gambler in violation of section 970 of the Penal Law. Thereupon the Justice of the Police Court *798 imposed a sentence fining the defendant $500 or 150 days in the Schenectady County Jail, plus six months in the Schenectady County Jail. The defendant was committed upon said conviction to the Schenectady County Jail.
The defendant’s counsel, on July 29, 1958, applied for and was granted a writ of habeas corpus, returnable August 1, 1958. The writ was granted upon an affidavit of the defendant’s counsel which challenged the sufficiency of the information and the amended information herein, and also questioned the jurisdiction of the trial court to hear the charge.
After a hearing on August 1, 1958, which was adjourned to August 26, 1958, this court held that the information was sufficient, that the Police Court of the City of Schenectady had jurisdiction, and the writ of habeas corpus was thereupon dismissed.
On August 13, 1958 the defendant filed a notice of appeal herein dated August 11, 1958, in and by which the defendant “hereby appeals to the County Court of Schenectady County from the judgment of conviction rendered against him in the Schenectady Police Court on the 24th day of July, 1958.”
Neither the defendant nor his attorney filed the affidavit of errors required by section 751 of the Code of Criminal Procedure, nor was a copy of such affidavit served upon the District Attorney of this county. By reason thereof, the District Attorney now moves to dismiss the appeal herein.
The defendant’s counsel, in his affidavits and brief, seeks to rationalize his inadvertence to file the required affidavit of errors by contending: (1) that the affidavit supplied in the habeas corpus proceeding could be interpreted as an affidavit of errors in the appeal proceeding herein; (2) that this court should look to the substance and spirit of the law rather than conforming to strict statutory requirements; (3) that the judgment of the Police Court became effective only upon the filing in the County Clerk’s office on September 5, 1958 of the certificate of conviction; (4) that the Police Court and District Attorney were duty bound to inform the defendant’s counsel of his lack of compliance and failure to file the affidavit of errors required by section 751; (5) that the judgment of the Court of Special Sessions, in fact, is the certificate of conviction itself; and (6) that the time to file the affidavit of errors runs from the time the certificate of conviction is filed and, therefore, the affidavit of errors dated October 3, 1958 and filed by the defendant’s attorney on October 4, 1958 was timely and within the 30 days from the date of judgment.
*799 The motion of the District Attorney to dismiss this appeal must be granted. The meaning of the statute is plain and requires strict compliance by each defendant in every appeal from Special Sessions to the County Court. To effect an appeal to a County Court, an affidavit of the “ alleged errors in the proceedings, conviction or commitment” must be filed within 30 days ‘ ‘ after the judgment or after the commitment. A copy of the affidavit must be delivered within three days after the filing with the magistrate or clerk of the court to the district attorney”. (Italics supplied.)
The above quotations from section 751 of the code are mandatory provisions and allow for no discretion as to compliance on the part of this court, as an appellate court. There was no waiver herein by the District Attorney of compliance with this section and, therefore, the appeal must be dismissed.
The affidavit in the habeas corpus proceeding related mainly to the sufficiency of the informations and to the jurisdiction of the court below, but it did not set forth all the errors during the trial upon which this appeal was to be predicated. Therefore, it was not an affidavit of errors as required by said section 751. Certainly there was no duty upon the part of the District Attorney or the Police Court to warn the defendant or his counsel of his failure to comply with the requirements of his appeal from the Court of Special Sessions. In fact, it is not customary for counsel to advise an adversary on matters of strategy or procedure in the trial of a lawsuit.
Attention is called to defendant’s counsel that the notice of appeal herein specifically refers to judgment of conviction on July 24, 1958. To contend that said judgment of conviction was not effective until it was filed in the County Clerk’s office is a transparent argument without foundation.
In this case, the judgment was the verdict of the jury, followed by the sentence. The commitment to the county jail was based upon said judgment. Quoting from section 517 of the Code of Criminal Procedure, the following statement is found: 1 ‘ Por every purpose of an appeal herein * * * a conviction shall be deemed a final judgment, although sentence ”.
It is clear, therefore, that the 30 days in which to file a notice of appeal and the required affidavit of errors began to run from the date of judgment, namely July 24, 1958, and not from September 5, 1958, when the certificate of conviction was filed in the County Clerk’s office.
Appeal dismissed. Enter order accordingly.