Liston F. Coon,
Schuyler County Judge and Acting Judge for Chemung County. Defendant has appealed from a conviction for speeding, entered upon a guilty plea in Justice of the Peace Court, Town of Veteran, Chemung County, in August of 1960. The People have cross-moved for dismissal of the appeal upon grounds that the notice of appeal was not served within the statutory period of time.
The facts involved in this case are as follows: On July 5, 1960 the defendant, John F. Decker, was issued a uniform traffic *847 ticket by a State trooper charging a violation of subdivision (4) of section 56 (now § 1180) of the Vehicle and Traffic Law, alleging that defendant operated a motor vehicle at 51 miles per hour in a 60-mile-pef-hour zone. Defendant was directed to appear before Justice of the Peace Donald Moss of the Town of Veteran on July 6, 1960, at 6:00 p.m.
Defendant appeared at the appointed time, accompanied by an attorney who is not concerned in this appeal. The Justice had before him an information alleging a speeding violation of traveling 51 miles per hour in a 40-mile-per-hour zone. The information was signed by one Trooper A. J. Alexander but was not sworn to. Counsel for defendant objected to the failure of the information to be sworn to and according to the affidavit of errors on appeal the Justice stated he would deny any motions addressed to the information and adjourned the case to a date which is in dispute. The People aver that it was August 4, 1960, at which time a second adjournment to the next day, August 5, was taken. Defendant claims the adjournment was to August 12. In any event, defendant did appear at a later date with the same attorney at which time the Justice had a new information and a supporting deposition both sworn to by State troopers before said Justice under date of August 4, 1960.
At this hearing defendant waived the reading of the new information, pleaded guilty and was fined the sum of $10 which was paid and the conviction entered upon the defendant’s operator’s license. The receipt for the fine and the operator’s license, both of which have been inspected by the court, bear the date August 12, 1960.
Thereafter, defendant sought other counsel, who, on September 8, 1960, filed a notice of appeal with Justice Moss. The Justice returned the papers stating lack of timely service, and did not file a return. Thereafter, this court issued an order compelling the Justice to file a return and set a date for argument of the appeal. The People thereupon cross-moved to dismiss the appeal for the reason stated above.
The court will first take up the question of timeliness of the appeal, for if the People prevail in their contention, the question of conviction is rendered academic and cannot be considered.
An appeal from a judgment in a Court of Special Sessions must be taken within 30 days thereof. (Code Crim. Pro., § 751.)
The statute requires strict compliance and is mandatory (People v. Guido, 15 Misc 2d 797), even if the record is incomplete, as when stenographer’s minutes are not ready. (People v. Capobianco, 10 Misc 2d 802.)
*848 The date of defendant’s conviction is therefore paramount. The People maintain it was on August 5 and it so appears in the return of the Justice; the defendant maintains it was on August 12 and his position is fortified by the date appearing on the receipt for the fine and the notation of conviction on his license. It is worthy of note that neither side has filed an affidavit by the attorney appearing in Justices’ Court with the defendant as to the attorney’s recollection of the date.
It would seem to the court that counsel for the defendant, who, for the first time in the ease, was retained to prosecute the appeal, was justified in relying upon the Justice’s receipt and the license notation as to the date of conviction without investigating the docket of the Justice.
In support of the People’s contentions, the question arises as to the conclusiveness of the Justice’s return which shows August 5 as the date of conviction. An appellate court is bound by the return of the lower court. (People v. Newman, 137 Misc 267.) "Where a defendant does not move to cause the making of an amended return he is bound by the original return. (People v. Mason, 307 N. Y. 570.)
However, in the case now before the court an unordinary situation exists. Upon receiving the notice of appeal, the Justice refused to accept same. Thereafter, the court compelled the Justice to file a return as provided for in section 757 of the Code of Criminal Procedure. This was done but occurred very shortly prior to the date set for argument of the appeal and the defendant would have had little or no time to move with respect thereto.
In the interests of justice, the court finds that the appeal should be heard and the People’s motion to dismiss the appeal is denied.
Consideration will now be given to the propriety of the conviction.
The case was initiated by issuance of a uniform traffic summons as provided for in section 71 of the Vehicle and Traffic Law (now § 207). But the violation alleged was speeding 51 mph in a 60-mile zone. A summons asserting such an allegation is, in the opinion of the court, a nullity as a matter of law, and is to be so treated.
A, proper information laid before the Justice would, however, have given the court adequate jurisdiction through which to handle the ease and it appears that an information was laid charging the defendant with traveling 51 mph in a 40-mph zone. But the information was not verified. It is patent that an unverified information confers no jurisdiction upon a Court of *849 Special Sessions. (People v. Scott, 3 N Y 2d 148.) When defense counsel appeared and moved to dismiss, the court should have immediately granted the motion. No subsequent attempt to piece out the faulty information could correct the error. (See People v. Treman, 28 Misc 2d 379. ) Instead of dismissing, the Justice denied the motion and adjourned the case.
The court is at a loss to determine how the Justice had a signed information before him purportedly made before the same Justice; yet it was not verified. Section 148 of the Code of Criminal Procedure states in part, 11 When an information is laid before a magistrate * 55 * he must examine on oath the informant or prosecutor * * * take their depositions in writing, and cause them to be subscribed by the parties making them.”
It can be inferred that the State trooper signed the information in advance, left it at the office of the Justice and then failed to return. If this was the case, or is the practice of any peace officer, it is a practice to be condemned.
The next stage in this case as appears from the record was an entirely new information, supported by a deposition, both verified before Justice Moss on August 4. This was the information presented to the defendant upon his next appearance, whatever the date, and the information to which the defendant pleaded guilty.
The error claimed on this occasion is that the defendant was not advised pursuant to section 335-a of the code, which prescribes the warning as to consequences of a plea of guilty. It appears conclusively from the record that such a statement was not made to the defendant.
The People argue that the court did not have to warn the defendant where it appears on a uniform traffic ticket in red bold type. Section 335-a does so provide and in such a case the necessary printed instructions constitute compliance with the statute. (Matter of Hickey v. Kelly, 9 A D 2d 386.)
But here is a situation where the traffic summons was a nullity as explained above. The summons was no longer a part of the case and it then became incumbent upon the court to advise the defendant pursuant to section 335-a. Not having been done, the conviction cannot stand. The conviction of the defendant is reversed, the information dismissed and the fine is ordered remitted.