John H. Galloway, Jr., J.
The People move to dismiss the appeal herein to this court upon the ground that defendant-appellant failed to file a timely affidavit of errors thereon. Defendant was convicted on January 4, 1963, in the Court of Special Sessions of the City of White Plains before Babnes, J., without a jury, of a violation of section 1140 of the Penal Law (indecent exposure). On February 5, 1963, or 32 days after said conviction defendant filed with the Clerk of the Court of Special Sessions a notice of appeal and a purported affidavit of errors. (The People contend that the affidavit of errors was not an affidavit since it was not sworn to and subscribed by defendant or his attorney.)
The People urge that the appeal was not timely taken, having not been filed within 30 days after judgment with the Clerk of the court below, and that it was not taken by filing an affidavit of errors as required by section 751 of the Code of Criminal Procedure.
Defendant states that on February 1, 1963 by certified mail he mailed to the Clerk of the trial court the notice of appeal and his assignment of errors. Both papers are dated February 1,1963. There is indorsed on the notice of appeal over the name of the Clerk of the City Court — “ Filed Feb. 5th, 1963 — 9:15 a.m.” The assignment of errors is not SAVorn to and subscribed by defendant or his attorney. Defendant urges that the transmittal of these papers to the Clerk of the trial court as above stated by certified mail on February 1,1963, 27 days after judgment, constituted timely filing thereof with the Clerk of the court in compliance with section 751, and section 515 et seq. of the Code of Criminal Procedure, although the lower court’s records show that the papers Avere not received and filed until February 5, 1963, 32 days after judgment.
Defendant’s counsel, in his affidavit and memorandum of law, seeks to rationalize his failure to file the required affidavit of errors within 30 days from entry of the judgment of conviction by contending: (1) That pursuant to section 521 of the Code of Criminal Procedure the appeal must and may be taken Avithin 30 days after judgment or service of a copy of the order with notice of entry thereof; that no copy of the judgment with notice of entry has been served on defendant or his attorney, and therefore defendant’s time to appeal has not yet started to run; (2) That it was permissible to file the notice of appeal and assignment of errors by mail pursuant to either (a) sections 517, 520-a, 521, 522 and 523 of the code, or (b) section 751 of the code, and in either ease the appeal was timely filed; (3) That pursuant to section 164 of the Civil Practice Act (now CPLR 2103) notice *523 of the appeal and assignment of errors was timely served upon mailing them, and not when they were received; and (4) That the District Attorney’s failure to challenge the sufficiency of the appeal papers or the timeliness of their filing until some 10 months after receipt of said papers, and his having in effect entered a general appearance on the appeal by withdrawing a prior motion to dismiss the appeal for failure to prosecute same and agreeing to argue the appeal if defendant’s brief was filed by a stated date (with which defendant complied), together constituted a waiver of any errors or irregularities in the taking of the appeal.
These contentions do not aid the defendant in the light of the authorities which are determinative of the situation here presented, and the motion of the District Attorney to dismiss the appeal must be granted.
The right to appeal from a judgment of conviction rendered in a Court of Special Sessions is a privilege granted by statute, and the procedural requirements must be strictly followed. (People v. Palmer, 5 Misc 2d 866.) Section 521 of the code is not applicable to appeals from Courts of Special Sessions, since the subject matter therein relating to the time to take an appeal is covered exclusively by section 751. (People v. Cornell, 186 Misc. 825, 828.)
Section 751 of the code, relating to the method of appeal from a Court of Special Sessions in a county outside the City of New York, provides that: “ An appeal must be taken within thirty days after the judgment * * * by filing an affidavit with the magistrate or clerk of the court rendering the judgment * * * setting forth the alleged errors in the proceedings, conviction or commitment. * * * Upon the ■filing of the affidavit the appeal is deemed taken.” (Emphasis added.)
Conceding arguendo that defendant’s “assignment of errors ”, not in affidavit form and unsworn, might be considered, in conjunction with the notice of appeal, an affidavit of errors as required by section 751, the fact remains that they were not filed with the Clerk of Special Sessions within the statutory period of 30 days after judgment. Such failure to comply with section 751 is fatal to the appeal (People v. Palmer, supra; People v. Buoni, 71 N. Y. S. 2d 108,110).
This court, as an appellate court, has no power to extend the time of appeal or to otherwise cure defects or omissions in taking an appeal (People v. Cornell, supra; People v. Omans, 306 N. Y. 375, 377-378 [1954]).
The appeal in this case could only be taken pursuant to section 751. It could not be taken pursuant to section 521. Defendant *524 had no choice. The reason is apparent upon consideration of the main divisions of the code. Part IV, in which section 521 is included, pertains to “ Proceedings in Criminal Actions Prosecuted by Indictment ’ ’, while Part V, in which section 751 is included, pertains to “ Proceedings in Courts of Special Sessions and Police Courts.” These “ Parts ”, insofar as they deal with appeals, are complete in themselves, and the provisions of one part do not apply to provisions of the other part unless expressly adopted. Part V contains no provision directly or by inference which can be construed as incorporating section 521 in the procedure relating to appeals from Special Sessions (cf. People v. Cornell, supra, p. 828).
In People v. Omans (306 N. Y. 375, supra) the defendant, in appealing from a judgment of conviction rendered in a Court of Special Sessions, served a notice of appeal on the Justice of the Peace, within the 30-day period after judgment. Prior to argument of the appeal in the County Court, the District Attorney moved to dismiss the appeal because of defendant’s failure to serve an affidavit of errors as required by section 751. Counsel for defendant sought leave to cure the defect pursuant to section 524-a of the code, which pertains to correction of errors in perfecting an appeal. In affirming the dismissal of the appeal, Judge Fboessel held for the Court of Appeals that the County Court did not have power under section 524-a to relieve defendant from his failure to comply with section 751. As was said of section 521 in People v. Cornell (supra) Judge Fboessel wrote (p. 378) that “ There is no provision in Part IV or V which may in anywise be construed as making section 524-a referable to the procedure prescribed in section 751 ”.
Counsel for the defendant also argues that section 520-a of the code expressly provides that the provisions pertaining to appeals in sections 517 through 520 of the code shall supersede all other provisions of the code dealing with appeals in criminal actions, and by implication supersede the appeal procedure provisions of section 751. The argument is without substance, since section 520-a is expressly limited in its application to superseding only those .other code appellate provisions which are in conflict with sections 517 to 520. Clearly, none of these sections is in conflict with section 751.
The only mention of appeals from Courts of Special Sessions to be found in the: foregoing sections of the code mentioned in section 520-a is in section 517 (subd. 3, cl. [b]), which states that an appeal may be taken by the defendant as of right from a judgment of conviction in a criminal action: “ (b) to the county court of the county in which the conviction was had, from a con *525 vietion by a court of special sessions, police court, police magistrate or justice of the peace ”. Section 520-a was added to Part IY of the code by chapter 806 of the Laws of 1954. No change was made, however, in section 751, which has not been amended since 1941. In the absence of any specific pronouncement by our appellate courts, this court will follow the decision in People v. Omans (supra) and hold that section 751 of the code alone governs appeal procedure on appeals from Courts of Special Sessions to this court (People v. Palmer, supra; People v. Van Slyke, 31 Misc 2d 434 [1961]) and that section 521 is not applicable and does not govern such appeals.
The question remains — was defendant’s appeal timely filed within 30 days after rendition of judgment, as required by section 751? Defendant contends the answer is “Yes” — but we are of the opinion that the answer is “ No ”.
Defendant relies on section 164 of the Civil Practice Act (now CPLB 2103) and argues that there was timely service of the appeal papers by the mailing thereof to the Clerk of the Court of Special Sessions 27 days after rendition of judgment, i.e., that the appeal papers were served when mailed, and not when they were received by the Clerk. Eeliance for this position is also placed on Stevens v. State of New York (277 App. Div. 418) which is not in point and cannot aid the defendant. In Stevens, which involved a civil appeal from an adverse judgment in the Court of Claims, claimant sought to compel the State to accept a late notice of appeal, i.e., the notice was not served until 34 days after the Court of Claims Clerk had mailed a certified copy of the judgment to claimant’s attorney, pursuant to custom under the service provisions of section 25 of the Court of Claims Act.
As against claimant’s contention that the 30-day period for service of notice of appeal commenced to run when the judgment paper was received in the mail, rather than when it was mailed, the court held (p. 422) that, although the statute (Civ. Prac. Act, § 164) added 3 days for service of notice of appeal to the 30 days allowed, where the judgment was served by mail, nevertheless the calculation of time for serving the notice of appeal was from the day of mailing, which is the “ service ” through the post office. The Third Department held further that, where the notice of appeal was not served until 34 days after, the appellate court had no power of extension or extenuation and could not compel the State to accept the notice of appeal (citing Civ. Prac. Act, § 164).
Defendant apparently overlooks the fact that section 751 of the code requires that the affidavit be filed with the Clerk *526 of Special Sessions, and that the statute expressly provides that it is upon the filing of the affidavit that the appeal is deemed taken. We hold that “ service by mail ” is not the equivalent of “ filing with thé cleric ”, and does not constitute compliance with the express filing requirement of section 751.
And finally, we find no merit in defendant’s contention that the acts of the District Attorney, in failing to challenge the timeliness of filing the appeal papers, and in agreeing to the prosecution and argument of the appeal, constituted a waiver of any irregularity in the taking of the appeal. In our opinion, the failure to file the appeal papers within the time limited by section 751 is not a mere irregularity in form which might be the subject of a waiver. We hold that this court has no power to relieve defendant from his failure to comply with the statutory requirement of section 751 prescribing the limitation of time within which to file the appeal papers herein. See People v. Omans (306 N. Y. 375, 378, supra) wherein the Court of Appeals rejected a similar \ argument that the People had waived the right to demand ajn affidavit of errors, where defendant had served a notice of I appeal, and held that a County Court had no power to relieve a defendant from his failure to comply with section 751 of ;the code requiring the filing of an “ Affidavit of Errors ” rather than a “ Notice of Appeal ”.
In People v. Guido (15 Misc 2d 797), a notice of appeal was filed instead of an affidavit of errors. On motion by the District Attorney to dismiss the appeal for failure to comply with section 751, the County Court of Schenectady County (Wemplb, J.), held that the requirements of section 751 of the code with respect to the time of filing the affidavit of errors and the form of the appeal papers are mandatory provisions and allow for no discretion as to compliance on the part of that court as an appellate court.
On the claim of Waiver, defendant’s reliance on the decision in People v. Belch'er (299 N. Y. 321, 324) does not assist him. There, defendant had filed a notice of appeal rather than an affidavit of errors' as required by section 751, on an appeal to the County Court. The People did not challenge in the County Court the failure to comply with the statute, and its appeal was considered on the merits. Having raised the noncompliance for the first time in the Court of Appeals as a ground of dismissal, the court held that by failing to raise the point below, the Distirct Attorney had waived his right to an affidavit of errors. The facts here are dissimilar to and distinguishable from those in Belcher, and consequently that decision is, in our opinion, not to be deemed controlling in this case. Furthermore, in view of *527 the later decision in People v. Omans (supra), that the County Court does not have power to relieve a defendant from his failure to comply with the appeal requirements of section 751, we think it doubtful that Belcher would be now considered representative of the weight of authority on the subject of waiver of a mandatory requirement. The People’s motion to dismiss the appeal is granted.