Edward T. Sullivan, J.
On the same day and date that he allegedly violated three sections of the Vehicle and Traffic Law of this State, all of which are misdemeanors, defendant, an infant, was summonsed to Court of Special Sessions (Hon. Morgan E. *757 Bloodgood), Town of Malta in Saratoga County, N. Y., by service upon him of three uniform traffic tickets charging operation of a motorcycle, (1) without financial security (Vehicle and Trafiic Law, § 319), (2) while it was unregistered (Vehicle and Traffic Law, § 401, subd. 1), and (3) while he was unlicensed to operate (Vehicle and Traffic Law, § 501, subd. 4, par. a); was arraigned on each criminal charge; pleaded guilty to each; was convicted of each; was fined $100 for each conviction; the fines were paid by the defendant; and the three certificates of conviction were filed with the County Clerk, all taking place on October 8, 1966. Defendant’s age was 18 years, 7 months.
No appeals from the judgments of conviction (Code Crim. Pro., §§ 749, 750, 516, 517, subd. 3) were taken by the defendant within 30 days (Code Crim. Pro., §§ 751, 521). Within the above 30-day statutory period for taking an appeal, the defendant did not file affidavits of errors with the Magistrate who rendered the judgments (Code Crim. Pro., § 751); nor did he deliver any copies of such affidavits of errors to the District Attorney of Saratoga County as required in said section.
Subsequently, by counsel, on November 14, 1966, defendant brought a motion in the same Court of Special Sessions, on notice to the District Attorney, returnable November 16, 1966, for an “ Order withdrawing pleas of guilty heretofore entered by defendant ’ ’.
On November 16, 1966, defendant appeared by his attorney, Flagg Herrick, attorney at law of Schenectady, N. Y., of counsel, and the People appeared by the District Attorney in the person of Assistant District Attorney, W. Donald Carola. The motion was heard and on November 20, 1966, the court executed and issued its written order denying defendant’s motion in all respects. This order was not filed with the County Clerk, did not become a part of the judgment roll, and therefore was not included with the return subsequently made and filed by the trial court. This order hears an ink-pad stamp. “ RECEIVED DEC. 2,1966 ”, and it was delivered to County Court on the day of the oral argument of this matter.
Prior to the date of oral argument, a notice of argument for the April 1967 Term (Jury) of County Court was received and it was added to the calendar for Special Term Day, April 14, 1967. The notice of argument designated this matter as, “ the above entitled appeal ” (emphasis added). It was thus added to the calendar without any other papers or information relevant to the matter being furnished in advance to the Judge presiding. Subsequently, when more informative material was furnished the court, in retrospect it was apparent that the scheduling of the *758 argument of the matter as an appeal at the April Term was contrary to the Code of Criminal Procedure, providing in section 759 that “ The appeal must be brought to argument by the defendant, at the next term, upon notice of not less than ten days before said term to the district attorney of the county”, and in section 760 that, “ If the defendant omit to bring the appeal to argument, as provided in the last section, the court must dismiss it, unless it continue the same, by special order, for cause shown.” (Emphasis added.) These sections were upheld by the courts long ago in People v. Addes, (45 Misc. 314 [1904]), and People v. Cimini (53 Misc. 525 [1907]). There was a regular term of Saratoga County Court in February, 1967. At the time of oral argument on April 14, 1967, the court received in its hands, (1) the original unfiled order of Trial Justice Bloodgood, denying the post-convictions motion of defendant to withdraw his guilty pleas to the charges; (2) an original memorandum of law in support of the defendant’s arguments; (3) a carbon copy of a single sheet, completed, printed form return of the trial court to which was attached only its covering letter to defense counsel of record; and (4) carbon copies of defendant’s notice of motion and defense attorney’s supporting affidavit, both under date of November 14, 1966, in the Court of Special Sessions, for an order, as stated above, permitting the post-convictions and post-execution of sentences withdrawal of the defendant’s three pleas of guilty. Neither at the time of oral argument nor thereafter during the period in which decision was reserved did counsel for the People or counsel for the defense requisition and furnish to the appellate court the original return of the court of first instance. By statute, (Code Crim. Pro., § 763), “ The appeal must be heard upon the original return; and no copy thereof need be furnished for the use of the court.” In the opinion of this court, statutory clarification as to the burden and duty of furnishing the appellate court with the original return should be added by legislative amendment to the procedural statutes. It might possibly be procedurally aided by requiring a requisition directive to the Clerk of the court in the notice of argument mandated by section 759 of the Code of Criminal Procedure.
However, in the instant matter, counsel for the defendant, in the early part of his oral argument, stated that while the defendant had filed an appeal which was then pending, ‘ that is not necessary at the moment.” This statement coupled with the omission to furnish the return on appeal, led the County Court to believe mistakenly that the matter before it was intended as something other than an appeal as such.
*759 Defendant went on to argue in support of Ms contention that justice required reversal of the convictions and dismissal of the information and charges in that the defendant had been deprived of Ms substantial rights as to proper advice on representation by counsel in the court of first instance under the mandate of the Court of Appeals to trial courts, particularly Courts of Special Sessions, in People v. Wintenski (15 N Y 2d 392) and further detailed in People v. Burton (47 Misc 2d 1077), and under paragraph b of subdivision 1 of section 699 of the Code of Criminal Procedure, as amended by chapter 878 of the Laws of 1965, effective December 1, 1965. The People orally argued that the procedures were incorrect, untimely, and further opposed the matter on the merits. Although the court expressed agreement with defendant’s contention that reversals were indicated, decision was reserved to permit the People to furnish the court with an answering memorandum of law and permit defendant to reply, if necessary.
Subsequently in June, 1967, the People put their reliance on one Court of Appeals decision, People v. Nappi (18 N Y 2d 136), wMch in the opinion of tMs court is not applicable, since no trial was held herein, no testimony was taken, and no facts were considered or found. Defense counsel did not furnish a reply brief or communicate its intent to waive same.
Ultimately, with the confusion, complexities and its own mistaken belief as to the nature of the matter, County Court deemed it essential to have before it the original return of the court of first instance to properly consider the case. It requisitioned the original return (Index No. 713). This consisted of the original of the executed and completed single-sheet, printed form return, attached to which were copies of the three umform traffic tickets and copies of the three docket sheets, setting forth in detail what occurred in Special Sessions Court on October 8, 1966 in the proceedings conducted under each of the three charges; and accompanying which were the original notice of argument of the above-entitled appeal, dated December 30, 1966 and filed February 24, 1967 (my emphasis), and an original notice of appeal, “ from an Order of the Court of Special Sessions * * * on the 20th day of November 1966, and served upon the defendant’s attorney on the 2nd day of December, 1966, denying defendant’s motion for an Order withdrawing plea(s) of gMlty heretofore entered by defendant to three misdemeanor violations of the Vehicle and Traffic Law ”, annexed to which is the original affidavit of errors executed and sworn to by the defendant personally on December 30, 1966.
*760 It is now clear that this matter before County Court is undisputably an appeal. It is an appeal from a post-convictions and post-execution of sentences order denying a defense motion to withdraw guilty pleas. It is not an appeal from the convictions. It was not taken within 30 days of the judgments of convictions made and filed on October 8, 1966, according to the return of the court of first instance by which this interim appellate court is bound (Code Crim. Pro., § 751; People v. Decker, 28 Misc 2d 845; People v. Buoni, 71 N. Y. S. 2d 108; People v. Cornell, 186 Misc. 825). The time to appeal cannot be extended by appellate court (People v. Cornell, supra; People v. Kennedy 152 Misc. 784; People v. Dimmie, 42 Misc 2d 521); and cannot be waived by failure of People to challenge timeliness (People v. Dimmie, supra).
Section 337 of the Code of Criminal Procedure is made applicable to Courts of Special Session by section 62 of the Code of Criminal Procedure and states: ‘ ‘ The court may in its'discretion, at any time before judgment upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted.” Judicial decisions have held that a plea of guilty cannot be withdrawn after conviction was pronounced (People v. Wurder, 184 Misc. 224); after plea of guilty and payment of fine, the Court of Special Session had no jurisdiction to permit withdrawal of plea of guilty (Matter of Hughes, 181 Misc. 846; see, also, People v. Vitale, 211 App. Div. 814; People v. Longe, 269 App. Div. 474; People v. Bofill, 34 Misc 2d 574; People v. Wright, 263 App. Div. 1020). Although the Court of Special Sessions did not specify, it properly denied defendant’s motion to withdraw his guilty pleas and could have assigned several grounds therefor.
If it were possible by a liberal interpretation of the notice and affidavit of errors to consider this matter as an appeal from the three convictions, determination on the merits of these most serious contentions of the defendant is barred to this court by the statute and decisions interpretive thereof requiring strict compliance with the 30-day mandatory period for taking an appeal; and also by the statute and decisions aforesaid requiring the motion to be made before judgment of sentence is imposed. The carbon copy of the notice of motion to withdraw the guilty pleas, which was left with this court, is dated November 14, 1966, some 36 days subsequent to the judgments of conviction (Oct. 8, 1966).
There is no doubt that counsel on behalf of defendant have included in this matter well-founded contentions that the defendant was deprived of substantial statutory and constitutional rights; but under our present procedures these cannot be raised *761 for his benefit in an untimely appeal nor in an appeal from a post-conviction order after sentence has been imposed and fully executed. The defendant must seek other legal procedures, if available to him, to raise the claims of judicial injustices he sought to have reviewed herein.
In 1953, the Court of Appeals in People v. Yochelson (307 N. Y. 625) affirmed a lower court decision (126 N. Y. S. 2d 29) which held that, in an appeal from a denial of an application to withdraw a plea of guilty, County Court has no authority under section 337 of the Code of Criminal Procedure to upset the discretion of the Judge of the court of first instance, unless the court of first instance (1) fails to protect the defendant’s rights, or, (2) is without jurisdiction. Since review by way of appeal is, for the several reasons above stated, foreclosed to this defendant, he must seek other legal procedures to now raise the claims of judicial injustices.
Appeal dismissed.