John M. Keane, J.
The defendant was convicted in the City Court of Binghamton after a jury trial of violating the Vehicle and Traffic Law (former § 1192, subd. 2) for driving while intoxicated. A notice of appeal was timely filed. Shortly thereafter defendant obtained an order for a certificate of reasonable doubt from this court which stayed the proceeding pending an appeal. No affidavit of errors was ever filed.
Before any determination can be made on the merits, this court must first answer the People’s challenge to its jurisdiction to hear the appeal on the ground that no affidavit of errors has been filed pursuant to section 751 of the Code of Criminal Procedure. Defendant argues that section 2018 of the Uniform City Court Act provides the procedure for taking an appeal. Additionally, counsel for defendant argues that his affidavit accompanying the order to show cause for a certificate of reasonable doubt contains allegations sufficient to constitute an affidavit of errors.
Prior to April 1, 1965 when the Uniform City Court Act became effective, the argument of the People to dismiss the appeal for lack of jurisdiction of this court would have prevailed. Does the argument still prevail? The leading case of People v. Omans (306 N. Y. 375 [1954]) holds that the County Court cannot relieve the defendant from failure to comply with section 751 of the Code of Criminal Procedure. In People v. Thompson (10 N Y 2d 725 [1961]) the court held no jurisdiction existed if the affidavit of errors was not timely filed. Subsequently, in People v. Colin (18 N Y 2d 795 [1966]), a memorandum decision supported the rule that the County Court could not waive the requirement for an affidavit of errors.
In addition, there have been decisions in County Courts which have followed People v. Omans (supra) as far as the necessity *535 of an affidavit of errors is concerned. (See People v. Dimmie, 42 Misc 2d 521 [1964]; People v. Van Slyke, 31 Mise 2d 434 [1961]; People v. Alpert, 28 Mise 2d 182 [1961]; People v. Guido, 15 Misc 2d 797 [1959], and People v. Palmer, 5 Misc 2d 866 [1957].)
Do the provisions of section 2018 of the Uniform City Court Act take precedence over section 751 of the Code of Criminal Procedure as far as criminal appeals are concerned? To understand the effect and relationship of the various uniform court acts, a review of them is required.
The first of the uniform court acts were the New York City Civil Court Act and the New York City Criminal Court Act. They became effective on September 1, 1962. The arrangement of the sections provided the pattern which followed in the subsequent uniform court acts. The New York City Civil Court Act contained no article 20 which was reserved for criminal jurisdiction and procedure in the subsequent acts. Because it will appear again without change, the language of section 43 of the New York City Criminal Court Act provides as follows: “ (1) If any judgment or determination of the court, whether it be in a criminal action or in a special proceeding of a criminal nature, shall be adverse to the defendant he may appeal therefrom in the same manner as from a judgment in an action prosecuted by indictment, and may be admitted to bail upon an appeal in like manner ”. (Emphasis supplied.)
The next uniform court act was the Uniform District Court Act which applies to Nassau County and parts of Suffolk County. It became effective in Nassau County on September 1, 1963 and in Suffolk County on January 1, 1964. Section 2018 provides for criminal appeals in exactly the same language as previously quoted from section 43 of the New York City Criminal Court Act.
The next uniform act was the Uniform City Court Act which became effective on April 1, 1965. Again the pattern followed the two prior acts and section 2018 relating to criminal appeals contains the same language appearing in section 43 of the New York City Criminal Court Act as above.
Finally, the Uniform Justice Court Act became effective on September 1, 1967. Section 2018 relates to criminal appeals but there is a very important difference in the language. In the Uniform Justice Court Act, the language is as follows: “If any judgment or determination of the court, whether it be in a criminal action or in a special proceeding of a criminal nature, shall be adverse to the defendant he may appeal therefrom in the manner provided in the code of criminal procedure for appeals *536 from courts of special sessions in the counties other than those within the city of New York. Such code provisions shall also govern hail pending an appeal. ” (Emphasis supplied.)
It is thus very clear that criminal appeals procedure in the Uniform Justice Court Act differed from that in the three prior uniform court acts. In People v. Kearse (58 Mise 2d 277 [1968]) the question was squarely presented whether the Uniform City Court Act takes precedence over prior procedural provisions relating to a criminal appeal from a City Court outside New York 'City.
In a well reasoned decision, the court, in People v. Kearse (supra) determined that when the Code of Criminal Procedure provisions were inconsistent with the Uniform City Court Act, the latter would apply. Based on the foregoing, this court determines that the appeal of the defendant is proper and this court does have jurisdiction to hear the appeal.
The Criminal Procedure Law, which became effective September 1,1971, makes much of the foregoing academic. Chapter 893 of the Laws of 1971, at section 5, provides for the repeal of section 43 of the New York City Criminal Court Act. Chapter 1097 of the Laws of 1971 (at §§ 119, 108, 127) provides for the repeal of section 2018 of the Uniform District Court Act, section 2018 of the Uniform City Court Act, and section 2018 of the Uniform Justice Court Act. The procedure on criminal appeals is now at CPL 460.10.
The determining factor now involves the existence or nonexistence of a stenographic record of the proceedings in the trial court. If there is a stenographic record, then an appeal is made by a notice of appeal. Where there is no stenographic record, an affidavit of errors will be required. Even then, the new act provides for optional service of a notice of appeal and service within 30 days thereafter of an affidavit of errors. Uniformity throughout the State now exists as far as appeals from criminal proceedings in the trial courts.
The merits of the appeal must now be considered. The principal objection by the defendant concerns the evidence received involving a blood test which showed .28 of 1% by weight of alcohol in his blood. The physician who examined the defendant and took the blood sample, together with the technician who performed the analysis, were both subjected to searching cross-examination by counsel for the defendant.
At the close of the proof offered by the People, the motion of the defendant, to have all of the evidence involving the blood test stricken, was granted by the court, presumably on the basis *537 that there was no proof in the testimony that the hlood had been taken within two hours after the arrest.
Defendant argues that all of this evidence and particularly the result of the blood test were highly prejudicial even though the court directed that the testimony be stricken from the consideration by the jury. Any prejudice that might exist is of the defendant’s own making. No motion was made, at the conclusion of the direct testimony of the physician, that his testimony concerning withdrawal of blood be stricken on the basis that there was no proof that the blood was taken within the two-hour period required. Defendant chose to postpone his motion until the end of the People’s proof. Even then the People sought to submit additional evidence to cure the defect about the time the blood was withdrawn, but the court refused to receive such testimony.
It is possible that the court would have refused to receive such testimony after the direct examination of the physician had been concluded. The time of the motion was chosen by defendant, and if any prejudice does exist it was of his own choice. This court is aware that the presence of testimony showing a high percentage of alcohol in the blood can well have made an impression upon the jury despite the admonition of the Trial Judge to strike it from their minds.
The other testimony concerning the condition of defendant was given by three police officers and an auxiliary policeman, all of whom observed the defendant. In addition, there was testimony by the Mayor of the city, whose car suffered minor damage when struck in the rear by defendant’s car.
Finally, the testimony of the doctor as to co-ordination tests and his opinion whether defendant was intoxicated were separate and apart from that relating to the withdrawal of the blood.
Through the testimony of the People’s witnesses, defendants counsel showed that only slight damage was suffered by the car which was struck and that, subsequently, defendant drove through the traffic of the central city without further incident before he was stopped by the arresting officer.
All of this testimony relates to factual material and is in the province of the jury to assess. The jury found the defendant guilty, and it is the determination of this court that the verdict is not against the weight of the evidence.
The appeal of the defendant is dismissed and the judgment of the trial court is affirmed.