Eugene W. Bergin, J.
The defendant was charged; tried in a Town of Irondequoit, Monroe County, Justice Court before the Town Justice and a jury; found guilty of the charge and sentenced. After conviction, the defendant filed both a notice of appeal pursuant to CPL 460.10 (subds 1, 2) and an affidavit of errors pursuant to CPL 460.10 (subd 3). Counsel for the defendant then made the within application to this court.
The issue presented in this application is whether in Monroe County, where trials in Justice Courts are stenographically recorded but not by official court reporters, an appeal can be taken to a Monroe County Court in criminal cases without the necessity of filing an affidavit of errors and without the filing or of compelling the filing of a return by the Town Justice.
Whether a defendant appeals from a local criminal court by the notice of appeal method or the affidavit of errors method, is determined by whether or not "the underlying proceedings were recorded by a court stenographer” (CPL 460.10, subd 2). The pivotal point of this decision is the term: court stenographer.
There is no disagreement with the fact that a stenographer was present and did record the underlying proceedings in the court below.
This court is in agreement with the commission staff comment regarding CPL 460.10:
"This procedure ['return’ system] was devised as a method of prosecuting and handling appeals from the lowest criminal courts which, some years ago at least, rarely if ever enjoyed the services of recording stenographers. The court’s 'return,’ though hardly an ideal basis for litigation and determination of an appeal, was the best that could be contrived in the way of a 'record.’
"While stenographic recording of town and village court proceedings is still unavailable for the most part in many communities, with emphasis upon the rural areas, it is being used with increasing frequency, and, indeed, quite regularly in a substantial number of these courts. As to the latter at least, *447 the make-shift procedure involving 'affidavits of errors’ and 'returns’ is both inappropriate and unnecessary.” (Lawyers Coop Pub Co, Cons Laws Serv, § 460.10; McKinney’s Cons Laws of NY, Book 11 A, CPL § 460.10.)
In the case of People v Bump (68 Misc 2d 533), the County Court addressed itself to the question of whether or not it lacked jurisdiction to hear an appeal from the Binghamton City Court based on the fact that no affidavit of errors had been filed though a notice of appeal was timely filed. That appeal was taken prior to the effective date of CPL 460.10 (Sept. 1, 1971) and consequently the question involved an interpretation of section 751 of the former Code of Criminal Procedure and section 2018 of the Uniform City Court Act. However, People v Bump (supra) actually decided the question according to the procedures set forth in CPL 460.10.
The court held (p 536): "The determining factor now involves the existence or nonexistence of a stenographic record of proceedings in the trial court. If there is a stenographic record, then an appeal is made by a notice of appeal. Where there is no stenographic record, an affidavit of errors will be required. Even then, the new act provides for optional service of a notice of appeal and service within 30 days thereafter of an affidavit of errors.” (Emphasis added.)
In the instant case there is a stenographic record prepared by an individual assigned by the Monroe County District Attorney’s office and paid by the County of Monroe.
It is the decision of this court that in Monroe County, where criminal trials are stenographically recorded, that appeals may be perfected by following the procedure of CPL 460.10 (subds 1, 2).