Francis J. Roche, Esq. Attorney for the Town of Claverack
You request an opinion whether a town justice, in whose court there has been filed a ticket charging a violation of Vehicle and Traffic Law § 1180 subd b, may alter the ticket without giving notification to anyone and without obtaining permission from the issuing officer, the district attorney or the driver of the vehicle, to change the charge to violation of Vehicle and Traffic Law § 1180 subd d, thus permitting the town, instead of the State, to receive the fine.
There can be a conviction only where the charge is supported by a sworn statement. If the ticket is altered after having been issued, then the sworn statement supporting the ticket is no longer a sworn statement as to the offense charged by the ticket. Thus, it would be a nullity and the case would always be subject to being reopened (Peo. v Decker,28 Misc.2d 845 [County Ct, Chemung Co, 1961]).
We also point out that the alteration of the ticket by the judge without notice and consent could subject the judge to a criminal charge of forgery under Penal Law Article 170 (§§ 170.00-170.70) or an offense involving false written statements under Penal Law Article 175 (§§ 175.00-175.50). Even if criminal charges were not brought against the judge, he could be removed from office.
In our opinion, a town justice may not alter a traffic ticket unilaterally in a matter pending or which has been before him.
As a general rule a municipality in the exercise of its governmental, as distinguished from its proprietary, functions is not bound by its own municipal building code.
Dated: December 2, 1980
Richard I. Cantor, Esq. Corporation Counsel The City of Poughkeepsie
You inquire whether a municipality is subject to its building code in performing a governmental function within its territorial boundaries.
It is well established that municipalities are not subject to zoning in the performance of governmental functions (Oswald v Westchester CountyPark Commission, 234 N.Y.S.2d 465 [Sup Ct, Westchester Co, 1962], affd18 A.D.2d 1139 [2d Dept, 1963]; Village of Larchmont v Town ofMamaroneck, 239 N.Y. 551 [1924]). In Nehrbas v Incorporated Village ofLloyd Harbor, 2 N.Y.2d 190 (1957), the Court of Appeals held that a village is not subject to its own zoning restrictions in the performance of its governmental, as distinguished from its corporate or proprietary, activities.
Generally, governmental functions are those exercised by a municipality on behalf of the State, while proprietary functions are those exercised primarily on behalf of residents. (For examples of governmental functions and proprietary functions, see McQuillin, Municipal Corporations, 3rd Edition, Volume 18, §§ 53.30 and 53.30 [a].)
The exemption from zoning accorded municipalities is founded on the principle that governmental duties must be exercised free of control or supervision. For the same reasons, it was decided that a municipality, in the undertaking of a governmental function, is not subject to the building code of another municipality (County of Westchester v Village ofMamaroneck, 22 A.D.2d 143 [2d Dept, 1964], affd 16 N.Y.2d 940 [1965]). We see no reason to make a distinction between a municipality's own building code and that of another municipality.
You have not specified a governmental function but have asked the question in a general sense. The specific type of governmental function may alter the result as is evident from a previous opinion to you (see 1980 Op Atty Gen [Inf] ___ [May 29, 1980], which dealt with establishment of municipal solid waste disposal facilities outside municipal boundaries).
We conclude that a municipality in the exercise of its governmental functions is not bound by its own municipal building code.