THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES H. OMANS, Appellant.

Argued January 19, 1954; decided March 11, 1954.

*Murray M. Schwartz* and *Norman M. Pinsky* for appellant. I. Section 524-a of the Code of Criminal Procedure vests power in all appellate courts including County Courts to permit omissions to be supplied or amendments made in a notice of appeal. (*People* v. *Cornell,* 186 Misc. 825; *People* v. *Pettet,* 143 Misc. 704; *People* v. *Belcher,* 299 N. Y. 321.) II. The court should find that the People have waived any right to demand an affidavit of errors.

*Frank Del Vecchio, District Attorney* (*Warren B. Murphy* of counsel), for respondent. I. Section 751 of the Code of Criminal Procedure is the only method to appeal from a judgment or commitment rendered in a Court of Special Sessions. (*People* v. *Cornell,* 186 Misc. 825.) II. Sections 520 and 524-a of the Code of Criminal Procedure do not apply to appeals from Courts of Special Sessions outside of New York City. (*People* v. *Pettet,* 143 Misc. 704; *People* v. *Belcher,* 299 N. Y. 321.)

FROESSEL, J. After a trial before the Court of· Special Sessions of the Town of Manlius, Onondaga County, a Justice of the Peace found defendant guilty on May 7, 1953, of a violation of subdivision 1 of section 56 of the Vehicle and Traffic Law (speeding). On May 19, 1953, defendant served a notice of appeal on the Justice of the Peace, the District Attorney and the County Clerk of Onondaga County.

Prior to argument of the appeal before the County Court on June 17, 1953, the District Attorney appeared specially and moved to dismiss the appeal because of defendant's failure to serve an affidavit of errors in compliance with section 751 of the Code of Criminal Procedure. That section, relating to the method of appeal from a Court of Special Sessions in a county outside the city of New York, reads: "An appeal must be taken within thirty days after the judgment or after the commitment, where the appeal is from the latter, *by filing an affidavit* with the magistrate or clerk of the court rendering the judgment or ordering the commitment, *setting forth the alleged errors* in the proceedings, conviction or commitment. A copy of the affidavit must be delivered within three days after the filing with the magistrate or clerk of the court, to the district attorney of the county in which the appeal is to be heard. *Upon the filing of the affidavit the appeal is deemed taken.*" (Emphasis supplied.)

Counsel for defendant admitted in the County Court that there had been no compliance with section 751, but sought leave to cure the defect pursuant to section 524-a of the Code of Criminal Procedure, which provides: "Where an appellant, seasonably and in good faith, serves a notice of appeal, either upon the clerk with whom the judgment-roll is filed or upon the district attorney of the county in which the judgment was rendered, but omits through mistake or inadvertence or excusable neglect, to serve it upon the other, or to do any other act necessary to perfect the appeal or to stay the execution of the judgment appealed from; the court, in or to which the appeal is taken, upon proof by affidavit of the facts, may permit, in its discretion, the omission to be supplied, or an amendment to be made, upon such terms as justice requires."

The County Court denied defendant's application to supply the omitted affidavit of errors under section 524-a and dismissed the appeal. The narrow question presented to us, then, is whether a County Court has the power, pursuant to section 524-a, to relieve a defendant from his failure to comply with section 751 of the code. We think not.

Section 524-a is contained in Part IV of the code, which is entitled "Of the Proceedings in Criminal Actions Prosecuted

by Indictment ''. Section 751, on the other hand, is found in Part V, which bears the caption '' Of Proceedings in Courts of Special Sessions and Police Courts '', in which courts proceedings are usually based on a complaint or information, as in this case, rather than on an indictment. Part V provides for a complete system of procedure, independent of that provided for in Part IV, except as otherwise specially provided (*People* v. *Giles,* 152 N. Y. 136, 138). There is no provision in Part IV or V which may in anywise be construed as making section 524-a referable to the procedure prescribed in section 751 (see *People* v. *Cornell,* 186 Misc. 825).

An additional consideration leading to the conclusion that section 524-a is inapplicable to an appeal taken pursuant to section 751 is the fact that section 524-a expressly relates to the correction of errors in a case where an appeal is necessarily perfected by means of a notice of appeal. The latter section does not relate, expressly or inferentially, to an appeal required to be taken in any manner other than by notice of appeal. Section 751, however, requires a defendant to take his appeal from a Court of Special Sessions by the filing and service of an affidavit of errors and not by the filing and service of a notice of appeal. It is patent, therefore, that section 524-a can have no application to an appeal taken pursuant to section 751.

To hold otherwise would only create confusion where the statute is clear, namely, that appeals from Courts of Special Sessions must be taken within thirty days by the very simple method of filing an affidavit of errors. Here there was no compliance whatever with the applicable statute.

We find no merit in defendant's argument that the People waived the right to demand an affidavit of errors (cf. *People* v. *Belcher,* 299 N. Y. 321).

The judgment of the County Court should be affirmed.

LEWIS, Ch. J., CONWAY, DESMOND, DYE, FULD and VAN VOORHIS, JJ., concur.

Judgment affirmed.