THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
VINCENT TRIMBOLI, Appellant.

Court of Special Sessions of the City of New York, Appellate Part, Second Department, February 8, 1955.

*Thomas O'Rourke Gallagher* for appellant.

*Sidney O. Simonson, District Attorney* (*Frank S. Gannon* of counsel), for respondent.

SILVER, J.  The defendant was found guilty on April 8, 1954, after a trial before a City Magistrate in the County of Richmond, of a violation of section 60 of the New York City Traffic Regulations — (Speeding).  The defendant timely served and filed a notice of appeal " To the Court of Special Sessions \* \* \* from a conviction \* \* \*' on the 8th day of April, 1954 \* \* \* and said defendant appeals from each and every part of said conviction as well as from the whole thereof."

Section 42 of the New York City Criminal Courts Act provides that an appeal may be taken by serving and filing a notice " specifying the particular rulings alleged to have been erroneous or any other grounds upon which the appeal is taken."

The appeal was noticed for argument for June 18, 1954.  The District Attorney moved to dismiss the appeal on the ground that the defendant-appellant failed to comply with section 42 above.  The defendant-appellant then made a cross motion " for an Order allowing and permitting appellant to amend Notice of Appeal heretofore served herein to conform to the annexed proposed Notice of Appeal."

The District Attorney contends that this court is without power to grant relief to the defendant on the authority of *People* v. *Omans* (306 N. Y. 375).

That case involved a conviction for speeding by a Justice of the Peace sitting as a Court of Special Sessions in a county outside the City of New York.  The appeal was taken by the defendant pursuant to section 751 of the Code of Criminal Procedure.  That section provides that " An appeal must be taken \* \* \* by filing an *affidavit* \* \* \* setting forth the alleged errors in the proceedings, conviction or commitment."  (Italics supplied.)  The defendant Omans erroneously served a notice of appeal from the conviction instead of an affidavit setting forth the errors as required.

The Court of Appeals affirmed the decision of the County Court denying Omans' application under section 524-a of the Code of Criminal Procedure, to supply the omitted affidavit of errors and dismissed the appeal.

Section 524-a of the code provides that: " Where an appellant, seasonably and in good faith, serves a notice of appeal, either upon the clerk with whom the judgment-roll is filed or upon the district attorney of the county in which the judgment

was rendered, but omits through mistake or inadvertence or excusable neglect, to serve it upon the other, or to do any other act necessary to perfect the appeal or to stay the execution of the judgment appealed from; the court, in or to which the appeal is taken, upon proof by affidavit of the facts, may permit, in its discretion, the omission to be supplied, or an amendment to be made, upon such terms as justice requires.''

The Court of Appeals held that section 524-a is contained in Part IV of the Code of Criminal Procedure which is entitled '' Of the proceedings in Criminal Actions Prosecuted by Indictment.'' Section 751 of the Code is, on the other hand, found in Part V, which bears the caption '' Of Proceedings in Courts of Special Sessions and Police Courts '', in which the courts' procedures are usually based on a complaint or information rather than on an indictment. It was held that '' Part V provides for a complete system of procedure, independent of that provided for in Part IV, except as otherwise specially provided (*People* v. *Giles,* 152 N. Y. 136, 138). There is no provision in Part IV or V which may in anywise be construed as making section 524-a referable to the procedure prescribed in section 751 (see *People* v. *Cornell,* 186 Misc. 825).'' (*People* v. *Omans,* 306 N. Y. 375, 378.)

The Court of Appeals also pointed out that section 524-a is inapplicable to an appeal taken pursuant to section 751 since the former expressly relates to the correction of errors in a case where an appeal is necessarily perfected by means of a *notice of appeal.* The court specifically stated that section 524-a '' does not relate, expressly or inferentially, to an appeal required to be taken in any manner other than by notice of appeal.'' (*Supra,* p. 378.)

The decision in *People* v. *Omans* (*supra*) is readily distinguishable from the case at bar. It is patent that the latter point can have no application to the appeal in this case. Here the defendant, as required by section 42 of the New York City Criminal Courts Act actually proceeded by notice of appeal.

With respect to the first point set forth by the Court of Appeals, it is interesting to note that although Part IV (in which section 524-a is found) apparently relating to proceedings prosecuted by indictment, also contains section 517 entitled '' In What Cases Appeal May Be Taken by Defendant.'' It provides that: '' An appeal may be taken by the defendant as of right from a judgment on a conviction in a criminal action or proceeding as follows: * * * 2. Where the judgment is

other than of death, in the city of New York * * * (b) to the appellate part of the court of special sessions, from a conviction by a city magistrate ''.

This court is of the opinion that the decision in the *Omans* case is readily distinguishable from and is not applicable to the instant case and does not bar the defendant's motion herein.

The motion of the defendant-appellant for an order allowing and permitting an amendment of his notice of appeal is granted.

The motion of the District Attorney to dismiss the appeal is denied and the case is set down for argument on the merits for the February term of this court.

THOMPSON, P. J., and FLOOD, J., concur.