■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALLACE R. STOTTLEMEYER, Appellant.— Appeal dismissed. Memorandum: On November 23, 1951 the defendant was found guilty by a jury of six counts of forgery, second degree and two counts of grand larceny, second degree. Three days later on November 26 the court imposed a sentence of 2½ to 10 years "on forgery 2nd degree charge" and a suspended sentence of 5 to 20 years on the "grand

larceny charge, 2nd degree." This information is found in the handwritten minutes of the clerk made at the time. " The judgment in a criminal case upon conviction is the sentence of the court." (*People* v. *Bradner*, 107 N. Y. 1, 11; see, also, *People* v. *Mellon*, 261 App. Div. 400, 401.) On January 7, 1952 the defendant mailed to the District Attorney a notice of appeal and on January 16, 1952 a similar notice was filed in the office of the Jefferson County Clerk. Section 521 of the Code of Criminal Procedure requires that an appeal from a judgment must be taken " within thirty days after the judgment was rendered ". In *People* v. *Puchner* (277 App. Div. 9) the court said (pp. 10–11) : " Having been served thirty-one days after the judgment was rendered, the notice of appeal came too late. An appeal in a criminal case is not a matter of inherent right but exists only by authorization of statute. (*People* v. *Gersewitz*, 294 N. Y. 163, 166; *People* v. *Zerillo*, 200 N. Y. 443, 446; *People* v. *Mellon*, 261 App. Div. 400, 401.) The Code of Criminal Procedure, which regulates the right of appeal in criminal cases, provides: ' An appeal must be taken within thirty days after the judgment was rendered or the order entered; \* \* \*.' (Code Crim. Pro., § 521; cf., also, §§ 517 and 520.) The courts are without power to extend the time (*People ex rel. Hirschberg* v. *Orange Co. Court*, 271 N. Y. 151, 156; *People ex rel. Bergman* v. *Morhous*, 264 App. Div. 978, affd. 295 N. Y. 841). \* \* \* Under well-grounded principles of law we are constrained to hold that this court is without jurisdiction to entertain this appeal because the notice of appeal was not timely served." The attempt of the defendant to appeal by serving a notice upon the clerk of this court does not give us authority to remedy the failure to take any effective step to implement an appeal as required by statute until after the period of 30 days had passed. Our power to grant relief is limited to the provisions of section 524-a of the Code of Criminal Procedure. Inasmuch as the foregoing facts were in the possession of the District Attorney, some action should have been taken by him to move to dismiss the appeal before it reached the present stage. All concur. (Appeal from a judgment of Jefferson County Court convicting defendant of six counts of forgery and two counts of grand larceny, all in second degree.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.