John J. Walsh, J.
The defendant was convicted after trial before Hon. J. Ertman Crouse, Justice of the Peace, Town of Vernon, of the crime of violating section 193 of the Agriculture and Markets Law, and judgment of conviction was thereupon entered in said court on December 7, 1960.
Defendant claims that within 30 days after the entry of the aforesaid judgment, to wit: on December 28, 1960 he duly appealed from said judgment of conviction by filing an affidavit of errors with the Justice in compliance with section 751 of the Code of Criminal Procedure and further that a copy, of said affidavit was duly delivered to the District Attorney on December 30.
The Justice has presented an affidavit to the effect that no such affidavit was filed with or delivered to him.
The defendant relies upon the fact that there is a presumption of delivery to the person to whom mail is addressed when the same is deposited in an official depository under the care and custody of the United States Post Office Department and *183 presents an affidavit that the original affidavit of errors was duly mailed to the Justice on December 28, 1960.
Defendant further claims that on January 18, 1961 his attorney telephoned the Justice with respect to filing a return and was advised by the Justice that he did not receive the aforesaid affidavit of errors and was therefore unable to make a return thereof.
A search made by the post office has failed to discover the whereabouts of the said affidavit.
Upon the argument, the District Attorney acknowledged receipt of his copy of the affidavit within the statutory 30-day period.
This presents a serious and difficult question of law. While the procedure for perfecting appeals from Courts of Special Sessions requires strict adherence to its provisions, a defendant who has attempted in good faith and with reasonable diligence to perfect an appeal ought not to be denied that opportunity for trifling reasons.
The procedure for appeal from Courts of Special Sessions was radically changed in 1941.
Prior to September 1, 1941, a defendant was required within 30 days after judgment or commitment to make an affidavit of errors and secure an allowance of the appeal by the County Judge or a Justice of the Supreme Court (former § 751 now repealed). If allowed, the defendant had five days in which to serve a copy of the affidavit on the District Attorney (§ 752 now repealed) and during the same time to deliver the original affidavit and allowance to the Magistrate rendering the judgment. (§ 755 now repealed.) Section 755 then provided: '‘ when so delivered the appeal is deemed taken. ” (L. 1890, ch. 39, repealed by L. 1941, ch. 251.)
Under this procedure, it was held that personal delivery to the Magistrate was necessary (People v. Thomas, 71 Misc. 365 [1911]) but that the failure to serve the District Attorney with a copy was not fatal because the appeal was perfected with delivery to the Magistrate. (People v. Palaguay, 216 App. Div. 508 [1926].)
Since 1941, section 751 of the Code of Criminal Procedure has provided: ‘ ‘ An appeal must he taken within thirty days after the judgment or after the commitment, where the appeal is from the later, by filing an affidavit with the magistrate or clerk of the court rendering the judgment or ordering the commitment, setting forth the alleged errors in the proceedings, conviction or commitment. A copy of the affidavit must he delivered within three days after the filing with the magistrate *184 or clerk of the court, to the district attorney of the county in which the appeal is to be heard. Upon the filing of the affidavit the appeal is deemed taken.”
There is no constitutional right to appeal except in capital cases. The right to appeal in all other cases is a privilege granted by statute and the procedural requirements for the taking of such appeal must be followed. (People v. Cornell, 186 Misc. 825.) The procedural requirements for appeal from a Court of Special Sessions are those set forth in section 751 of the Code of Criminal Procedure and there is no power in the County Court to relieve a defendant from his failure to comply with section 751 of the Code of Criminal Procedure. (People v. Omans, 306 N. Y. 375.)
There is thus presented squarely the question whether the defendant “ filed ” the affidavit with the Justice by mailing the same to him. The weight of judicial opinion appears to hold that actual receipt of the document is required.
“ The verb ‘ to file ’ may be used in various senses. When as in this statute it is said that a paper must be filed with an officer the requirement is at least complied with when the party delivers that paper to the officer at his official place of business and there leaves it with him. Whether he does this personally or by mail is, we think, immaterial, so long as it is actually received.” (Sweeney v. City of New York, 225 N. Y. 271, 275 ; italics supplied.)
“ The presumption as to the receipt of letters, properly directed and sent through the mails to a person, is one of fact and is based upon the circumstances of the particular case. Here, however,-the question of the receipt and filing of the claim goes to the very foundation of the jurisdiction and right of the ■tribunal to act upon it. * * * There must have been a delivery by, or on behalf of, the party of his claim at the office itself to constitute, and to enable him to allege and to establish, the jurisdictional fact of a filing.” (Gates v. State of New York, 128 N. Y. 221, 227-228.)
“ If, however,.we assume there was proof of a proper mailing of this claim to the Commission at Albany, this is not proof of filing. There is indeed a presumption that a letter properly directed and stamped and duly mailed is received by the person to whom it is directed; but this is a presumption of fact only based upon the circumstances of the particular case. The statute requires that a claim for compensation shall be filed with the Commission. The word ‘ file ’ is defined in Webster’s New International Dictionary: ‘ Law. a, To deliver (a paper or instrument) to the proper officer so that it is received by him *185 to be kept on file, or among the records of his office ’ * * * To hold that proof of mailing the claim properly addressed and stamped, supported by the presumption that it reached its destination, is sufficient proof of filing, is to defeat the purpose of the statute * * *. If in fact it is lost before delivery, it certainly is not filed and it is the filing which institutes the proceeding and brings the claim before the Commission or Board. There is a substantial distinction between a presumption and an inference. If. the presumption that the letter mailed is received could, when undisputed, be sufficient proof of its receipt by the proper officer, such presumption must be held to disappear upon substantial proof that it has not been received.” (Cheesman v. Cheesman, 203 App. Div. 533, 535-536, revd. on other grounds but sustained as to the above holding 236 N. Y. 47, 49.)
The acknowledgment by the District Attorney of the receipt of the copy of the affidavit while proof of the preparation of the affidavit within the statutory period, does not create nor improve the presumption of delivery to the Magistrate of the original.
Section 193-a of the Civil Practice Act does not apply here because there is no statutory provision for service by mail.
Since there is no proof of delivery of the affidavit to the Justice, the appeal was not perfected and, therefore, there is no power in this court to compel a return. Neither may an order nunc pro tune correct a jurisdictional omission.