John J. Walsh, J.
This is a motion to show cause why Hon. J. Ertman Crouse, Justice of Special Sessions, Town of Vernon, should not be required to file a return.
*435 It is conceded that the District Attorney was served with a notice of appeal and affidavit of errors on June 23, 1961; that two copies of the notice of appeal and affidavit were filed with the Clerk of Oneida County, but none was actually served upon or delivered to Justice Crouse.
Since the method of appeal pursued by the appellant appears to be defective, then the appeal must be dismissed and all alleged errors of the Court of Special Sessions may not be considered.
Prior to September 1, 1941 a defendant was required to file an affidavit of errors and secure an allowance of the appeal by the County Judge or a Justice of the Supreme Court and if allowed, had five days to serve a copy of the affidavit on the District Attorney.
In 1941 section 751 of the Code of Criminal Procedure provided: “ An appeal must be taken within thirty days after the judgment or after the commitment, where the appeal is from the latter, by filing an affidavit with the magistrate or clerk of the court rendering the judgment or ordering the commitment, setting forth the alleged errors in the proceedings, conviction or commitment. A copy of the affidavit must be delivered within three days after the filing with the magistrate or clerk of the court, to the district attorney of the county in which the appeal is to be heard. Upon the filing of the affidavit the appeal is deemed taken.” (Italics supplied.)
The right of appeal, except in capital cases is a statutory privilege and the procedural requirements for the taking of such an appeal must be strictly followed. (People v. Omans, 306 N. Y. 375, 377; People v. Palmer, 5 Misc 2d 866; People v. Alpert, 28 Misc 2d 182 [Oneida County Ct.].)
Unless the Oneida County Clerk is the “ clerk ” of the Court of Special Sessions which rendered the judgment or ordered the commitment, it is obvious that the appeal was not properly effectuated and the motion to compel the return must be denied and the attempted appeal dismissed.
The County Clerk is a county officer and not a State or judicial officer except that when actually engaged as Clerk of the courts, he is part of the judicial system of the State.
The jurisdiction and powers of the County Clerk insofar as they relate to the courts is found in section 525 of the County Law:
“ 1. The county clerk shall perform the duties prescribed by law as register, and be the clerk of the supreme court and clerk of the county court within his county.”
*436 Nowhere do we find any provision which makes the County Clerk the Clerk of the Courts of Special Sessions which are courts not of record.
The defendant, by not filing a notice of appeal and affidavit of errors with the Court of Special Sessions or a Clerk thereof, did not comply with section 751 of the Code of Criminal Procedure. (People v. Omans, 306 N. Y. 375, 377, supra.)
In the Omans case, the defendant filed his notice of appeal with the Court of Special Sessions but did not file an affidavit of errors. He then sought to correct his error by moving under section 524-a of the code. The Court of Appeals in affirming the County Court’s denial of the defendant’s application held that segment of the code of which section 524-a is a part applies only to criminal proceedings prosecuted by indictment and that section 524-a specifically applies only to cases that are appealed only by filing a notice of appeal and not by the procedure as set forth in section 751 of the code. (People v. Omans was decided on March 11, 1954.)
The appellant now contends that section 750 of the code was amended on September 1, 1954 (L. 1954, eh. 806) and this statutory amendment changes the rule enunciated in the Omans case.
Chapter 806 of the Laws of 1954 added a new section 520-a to the code which reads: ‘‘ The provisions of sections five hundred seventeen through five hundred twenty, shall supersede all other provisions of this code, or of any other law dealing with appeals in criminal actions and proceedings in so far as they may be in conflict with the same.”
The only mention of appeals from Courts of Special Sessions that can be found in the above sections of the code is section 517, subdivision 3 (par. b) of which states: An appeal may be taken by the defendant as of right from a judgment of conviction in a criminal action or proceeding as follows: u (b) to the
county court of the county in which the conviction was had, from a conviction by a court of special sessions, police court, police magistrate or justice of the peace.”
There was, however, no change made in section 751 which has not been amended since September, 1941.
In the absence of definite pronouncement by our appellate courts, County Courts are continuing to follow the Omans decision. (People v. Palmer, 5 Misc 2d 866, supra; People v. Capobianco, 10 Misc 2d 802.) Motion to compel return denied. Motion to dismiss appeal granted.