Keating, J.
Carl Angelo Pellicella was convicted of the crime of practicing veterinary medicine in violation of section 6701 of the Education Law. He appeals to this court from an order of the County Court (Jefferson County) dismissing his appeal *118 from the judgment of conviction entered by the Court of Special Sessions.
The appeal was dismissed by the court below because the defendant failed to serve the Attorney-General with a copy of his affidavit of errors. The statutory provision dealing with appeals from judgments of conviction entered by Courts of Special Sessions contains no requirement for service of an affidavit of errors upon the Attorney-General. The statute merely provides that the defendant must serve the District Attorney with the affidavit of errors within three days after it has been filed with the Magistrate or clerk of the court from which the appeal is taken. The Code of Criminal Procedure, however, contains a general provision (§ 10-h) which requires that, whenever any section of the Code of Criminal Procedure refers to the District Attorney, it “ shall be deemed to refer also to the attorney-general in all matters in which the attorney-general is authorized to act.”
Under section 6711 of the Education Law, the Attorney-General was authorized to act in the instant case and should have been served with the affidavit of errors. The fact that the District Attorney advised the Attorney-General that he was served and that the latter advised the former to prosecute the appeal cannot excuse the noncompliance with the statute. (Cf. People v. Baker, 10 N Y 2d 851.) Whether the failure to comply with the statute, however, should automatically result in a dismissal of the appeal, in the absence of any showing of prejudice, presents another question.
Section 751 of the Code of Criminal Procedure indicates that the appeal to the County Court is deemed taken “ Upon the filing of the affidavit [of errors] * * * with the magistrate or clerk of the court ” from which the appeal is taken and not upon the service of the notice upon the prosecuting officer (emphasis added). Although the prosecuting officer is required to be served with a copy within three days after the filing of the affidavit, that requirement, which is merely designed to advise the prosecuting officer of the grounds being urged on the appeal (Seventh Annual Report of N. Y. Judicial Council, 1941, p. 253), does not go to the jurisdiction of the court to hear the appeal.
*119 The cases relied upon by the Attorney-General as sustaining dismissals “ because a notice of appeal (instead of an affidavit of errors) had been delivered to the prosecutor” all involved instances in which the affidavit of errors was not properly filed with the clerk of the court from which the appeal was taken. (People v. Colin, 18 N Y 2d 795; People v. Dimmie, 15 N Y 2d 578; People v. Omans, 306 N. Y. 375.) In the instant case the affidavit of errors was properly filed with the clerk. The harsh remedy of a dismissal in a case which results in the imposition of penal sanctions should not be invoked except where some prejudice to the non-served prosecuting officer is shown (People v. Palaguay, 216 App. Div. 508, 509-510).
In this case the People do not and cannot allege that their rights were prejudiced by the failure of the defendant to serve the affidavit of errors on the Attorney-General. The order dismissing the appeal should, therefore, be reversed and the case remanded to the County Court for further proceedings in accordance with this opinion.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel and Jasen concur.
Order reversed and case remitted to Jefferson County Court for further proceedings in accordance with the opinion herein.