Joseph A. Moga vero, J.
HISTORY OF THE APPEALS
The above-entitled cases originated in the local criminal court of the Town of Oneonta. A motion was made by the attorney representing both defendants to dismiss the underlying accusatory instruments and said relief was granted and both accusatory instruments dismissed. Orders were entered up in accordance with the determination of the local court and apparently proper service made upon the opposing party (the People) of the orders with notice of entry thereof.
The People acknowledge receiving a copy of the orders dismissing the accusatory instruments with notice of entry thereof on May 11, 1976 and a notice of appeal dated May 11, 1976 was filed in the local criminal court appealing said orders to the Otsego County Court. Thereafter the People filed in the local criminal court a document in the form of a brief which was designated as the "affidavit of errors” and referred to as. such therein. Next the People moved in this court for an order directing the local criminal court to file a proper return with each party (the People and defendants’ attorney). Prior to the return date of the afore-mentioned motion, the People again moved for additional relief made returnable at the same date as the previous motion (Aug. 9, 1976). On the return date the attorney representing the defendants filed an affidavit in opposition to the People’s motions and moved to dismiss the *895 appeals in each case on the grounds that the "affidavits of errors” were not filed in the local criminal court within 30 days after filing of the notices of appeal.
On the return date the court reserved decision on the motion to dismiss portion of the motions and afforded the People a week within which to submit a memorandum of law in opposition thereto. Defendants’ counsel had furnished the court with cases upon which it was relying for the relief sought and cited them to the People as well as to the court. Under date of August 16, 1976 at approximately 1:30 p.m. the People submitted their memorandums of law in opposition to the motions to dismiss. The court granted defendants’ counsel until the end of that week to submit a memorandum in opposition to the People’s memorandum and stated that the court would deem the matter finally submitted for its determination on August 23, 1976. Defendants’ memorandums were received this morning. The court has carefully read the moving papers in connection with the motions to dismiss, the opposing papers and the memorandums of law and the cases cited in support of both the People and the defendants. Also the court has done its own research of the law.
TIMELINESS OF THE APPEALS
When the statutes talk about ñling with the clerk of a court, they are not talking about mailing to the clerk of the court any documents. Mailing to the clerk of a court is not complying with a statute that requires a filing with the clerk of the court. Papers are deemed filed when they are received by the clerk of the court for filing (assuming they are in proper order to be filed). There appears to be no dispute about the fact that the People filed the notices of appeal within the prescribed time of 30 days. The notices of appeal were filed either on May 11 or May 13, 1976. The People’s papers acknowledge that they never swore to an affidavit of errors until June 18, 1976 and they do not claim that said papers were filed on June 18, 1976 in the local criminal court. June 18, 1976 is more than 30 days from either May 11 or May 13, 1976.
There is ample authority for the proposition that an affidavit of errors must be ñled within the time limit and not mailed in order to preserve the right to appeal. (See People v Dimmie, 42 Misc 2d 521, affd 15 NY2d 578; People v Thompson 10 NY2d 725, citing People v Omans, 306 NY 375.) If the *896 affidavit of errors was not timely filed the County Court has no jurisdiction of the appeal. (See People v Thompson and People v Omans, supra; also People v Stottlemeyer, 9 AD2d 1022.)
EXTENDING TIME TO APPEAL
Prior to the new CPL going into effect the general rule was that regardless of the equities and circumstances, the courts had no power whatever to extend the time for appeal (People ex rel. Hirschberg v Orange County Ct, 271 NY 151; People v Stottlemeyer, 9 AD2d 1022). In CPL 460.30, provision is made for extension of time for taking an appeal which is applicable to an appeal from an order from a local criminal court. However, there are only certain specific matters authorizing the court to grant that relief. That section states that a motion to extend the time must be upon the ground that the failure to file such notice of appeal, or application for leave to appeal, or affidavit of errors, in timely fashion resulted from improper conduct of a public servant or from improper conduct, death or disability of the defendant’s attorney. Said section requires that the motion must be made with due diligence after the time for taking an appeal has expired and in any such case, not more than one year thereafter. None of the specified grounds are applicable in these cases before this court; in addition, said section is for the benefit of the defendant. This court has not been able to find any such provision that applies to the People which may, or may not, be a legislative oversight.
The case of People v Pellicella (22 NY2d 116) cited by the People as authority giving this court discretion in the matter to prevent dismissal is not applicable. In the Pellicella case the affidavit of errors was properly filed on time with the Magistrate or clerk but there was a failure to serve a copy thereof upon the Attorney-General. The failure to serve a copy of the affidavit of errors upon the Attorney-General did not go to the jurisdiction of the County Court to hear the appeal because the appeal was deemed taken upon the filing of the affidavit of errors.
SUMMARIZATION AND THE LAW
Other than in capital cases, the right of review by appeal in criminal matters is governed exclusively by statutes (Matter *897 of State of New York v King, 36 NY2d 59) which must be strictly construed (People v Zerillo, 200 NY 443, 446).
A notice of appeal cannot be considered as an affidavit of errors because of the statute and because of the purpose served by an affidavit of errors. The affidavit of errors was not filed in time and the court cannot extend the time within which to file the affidavit of errors. This court has no discretion in the matter and must, as a matter of law, grant the defendants’ motion in each case to dismiss the appeals because this court has no jurisdiction to hear the appeals. The merits of the appeals themselves have not been considered because this court is prohibited, under the circumstances, from doing so.