■ In the Matter of the CITY OF CORTLAND et al., Petitioners, v DOUGLAS H. WHITE, as Commissioner of the New York State Division of Human Rights, et al., Respondents.—Harvey, J. Proceeding initiated in this court pursuant to Executive Law § 298 to review a determination of the State Division of Human Rights, dated February 12, 1985, which sustained the complaints of respondents Grace V. Nichols and Daniel M. Watson of an unlawful discriminatory practice based on marital status.

Although the merits of the litigation and the decision based thereon would require judicial interpretation of legislative intent in the enactment of a 1975 amendment *(see,* L 1975, ch 803, § 3) to Executive Law § 296 (1) (a), we are powerless to make a determination in that regard until it is established that we have jurisdiction over this proceeding.

The procedure to be followed in seeking review of a determination of the State Division of Human Rights is set forth in Executive Law § 298. That section states: "Such proceeding shall be initiated by the filing of a petition in such court * * * and the issuance and service of a notice of motion returnable before such appellate division of the supreme court * * * A proceeding under this section when instituted by any complainant, respondent or other person aggrieved must be instituted within sixty days after the service of such order" (Exec-

utive Law § 298). The record in this case indicates, without contradiction, that the order which granted complainants' relief was mailed to the attorneys for petitioners on April 3, 1985. The order was received by petitioners' attorneys on April 8, 1985. On June 5, 1985, petitioners mailed their petition to this court and said petition was received by this court on June 10, 1985.

It is petitioner's contention that service was not complete until April 8, 1985, the date that their attorneys received the order which is the subject of this proceeding. They contend that having mailed their petition to this court on June 5, 1985, service was complete two days thereafter, allowing a reasonable time for delivery. If petitioners are correct in their contention, this proceeding was timely filed on June 7, 1985.

However, we find no authority supportive of petitioners' contention. There is no statutory provision establishing the manner and effective date of service of an administrative decision made pursuant to the Executive Law sections to which reference has been made. Neither is there any statutory provision as to the manner and effective date of commencing a proceeding with this court to review a decision of the State Division of Human Rights. There is a considerable body of precedential law which would support the view that the date of institution of a proceeding in this court to review an administrative decision pursuant to Executive Law § 298 is the date of actual receipt of the papers by the court for filing (see, People v Omans, 306 NY 375, 377; Stein v Wainwright's Travel Serv., 92 AD2d 961; People v Proctor, 87 Misc 2d 893, 895-896; People v Dimmie, 42 Misc 2d 521, affd 15 NY2d 578).

It appears clear that this proceeding was not instituted until June 10, 1985. Therefore, a determination as to whether service of the order took place on April 3, 1985, as contended by respondents, or on April 8, 1985, as contended by petitioners, is immaterial. In both instances, more than 60 days had elapsed with the result being that this court did not acquire jurisdiction to entertain the proceeding.

Petition dismissed, without costs. Mahoney, P. J., Kane, Main, Casey and Harvey, JJ., concur.