OPINION OF THE COURT
Eugene M. Hanofee, J.
Defendant moves by order to show cause and affirmation for an order dismissing the People’s appeal with reference to the *628 above matter, predicated upon the People’s failure to abide by the mandates of CPL 460.10.
It appears that defendant was originally arrested on or about February 23, 1985 and charged by simplified traffic information with violating Vehicle and Traffic Law § 1192 (3) and § 1180 (a). Various pretrial discovery motions took place and the court ultimately granted the defendant’s request for a probable cause hearing pursuant to the authority of People v Wise (46 NY2d 321). On December 5, 1985, the said probable cause hearing took place and the proceedings were steno-graphically transcribed by Janet M. Mentnech, a certified shorthand reporter and notary public. On or about April 28, 1986 Honorable Joel W. Welsh entered a written order which was mailed to both defense counsel and the People, dismissing the charge of violating Vehicle and Traffic Law § 1192 (3).
The next action to take place was by the People filing an affidavit of errors and memorandum of law with the County Court on May 27, 1986. It is noted that the affidavit of errors and memorandum of law were filed with the County Court Chambers and not the County Court Clerk on May 27, 1986. The court forwarded the papers to the County Court Clerk on June 3, 1986.
Defense counsel contends that the People have failed to properly appeal from the determination of Judge Welsh in that they have not followed the mandates of CPL 460.10. Defense counsel contends that since the underlying proceedings were recorded by a court stenographer, the People, in order to appeal, were obligated to file, within 30 days after service upon them of a copy of the order being appealed from with the Clerk of the Criminal Court in which such order was entered, a written notice of appeal, in duplicate. In addition, the People were obligated, within such 30-day period, to serve a copy of the notice of appeal upon defense counsel. Apparently, the People failed to follow the provisions of CPL 460.10 (1).
It should be noted that the procedures to be followed when the underlying proceedings are not recorded by a court stenographer, require the party appealing, in this case the People, to file within 30 days after entry of the order, with the court from which the order is being appealed, an affidavit of errors or a notice of appeal. In this case the People failed to follow the procedures set forth in CPL 460.10 (3) as well. Since the People failed to follow any of the procedures set forth in CPL *629 460.10, the court must grant the motion and dismiss the appeal.