*847 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The Supreme Court order granting the People’s motion for reargument and adhering to its prior decision was a superseding order (see, People v Collier, 131 AD2d 864, lv granted 70 NY2d 954; Marine Midland Bank v Fisher, 85 AD2d 905; Siegel, NY Prac §254, at 313-314). Thus, the People’s notice of appeal from that order, filed within 30 days of its entry, was timely. Having resolved defendant’s appeal on this ground, we need not consider his alternate contention —that the People’s time to appeal to the Appellate Division was triggered by their receipt of a copy of the Supreme Court order from the court, and that service of the order by the prevailing party was unnecessary for this purpose (People v Mullins, 103 AD2d 994; CPLR 5513). However, we again invite the attention of the Legislature to an apparent ambiguity in CPL 460.10 (see, People v Coaye, 68 NY2d 857, 858, n).
On the merits, the Appellate Division correctly reversed the trial court’s dismissal of four counts of the indictment— robbery in the first and second degrees and criminal use of a firearm in the first and second degrees. As the Appellate Division held, the word "handgun” in each of the counts constituted sufficient factual support for the subject element of the crimes charged (see, CPL 200.50 [7] [a]) as well as a sufficient description of the particular implement allegedly displayed by defendant (see, CPL 200.50 [7] [b]).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.