■ SANDRA BILLINGS, Appellant, v BERKSHIRE MUTUAL INSURANCE COMPANY, Defendant, and NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent.—Harvey, J. Appeal from an order of the Supreme Court (Plumadore, J.), entered June 9, 1988 in Schenectady County, which granted defendant New York Property Insurance Underwriting Association's motion to dismiss the complaint against it for failure to prosecute.

The underlying action in this case was commenced by plaintiff in 1981 to recover damages for a fire loss sustained in 1980. Following joinder of issue, defendant Berkshire Mutual Insurance Company served a demand upon plaintiff in June 1985 to file a note of issue. In September 1985, after more than 90 days elapsed without compliance with the demand, Berkshire and defendant New York Property Insurance Underwriting Association (hereinafter defendant) moved to dismiss the complaint pursuant to CPLR 3216 for plaintiff's failure to prosecute. Berkshire's motion was granted but defendant's motion was denied due to its failure to serve plaintiff with a demand to file a note of issue. Defendant duly served such a demand upon plaintiff in February 1986. Thereafter, plaintiff moved to renew or reargue the dismissal of her complaint against Berkshire and that motion was denied in May 1986. At approximately the same time, however, plaintiff and defendant entered into a stipulation which allowed plaintiff another 30 days to file a note of issue after an order was entered in plaintiff's motion to renew or reargue the Berkshire motion, or "from any appeal from said decision". Plaintiff appealed the denial of its renewal/reargument motion and this court affirmed the order on October 15, 1987 (133 AD2d

919). In December 1987, plaintiff filed an application for leave to appeal to the Court of Appeals which application was dismissed on February 9, 1988 (70 NY2d 1002). Following some confusion over paperwork, plaintiff finally filed a note of issue in her action against defendant on March 21, 1988. Defendant then moved to dismiss the complaint pursuant to CPLR 3216 and this motion was granted.* Plaintiff now appeals.

There must be an affirmance. Plaintiff's principal dispute on appeal concerns Supreme Court's construction of the phrase in the stipulation of the parties allowing for an extension of plaintiff's time to file a note of issue "for 30 days * * * from any appeal from" plaintiff's motion to renew and reargue in the Berkshire litigation. Supreme Court concluded that this language necessarily referred only to any appeal as of right to the Appellate Division and could not have included plaintiff's application for permission to appeal to the Court of Appeals. Regardless of the merit of this conclusion, there is no need to reach this question since our review of the record reveals that plaintiff's filing of the note of issue was untimely under either interpretation of the stipulation. Although plaintiff's attorney avers that he originally mailed the note of issue to the Schenectady County Clerk's office on March 9, 1988, it was returned for lack of fee and, therefore, the note of issue was not actually "filed" until March 21, 1988 when the fee was paid and the Clerk had the note in hand (see, Stein v Wainwright's Travel Serv., 92 AD2d 961; People v Proctor, 87 Misc 2d 893). Even assuming that the parties' stipulation contemplated a possible appeal to the Court of Appeals, plaintiff's application was dismissed on February 9, 1988 and, therefore, plaintiff's 30-day extension had already expired when the note of issue was filed.

Accordingly, to excuse such a default, it was incumbent upon plaintiff to demonstrate both a meritorious cause of action by way of an affidavit of merit as well as a reasonable excuse for her delay (CPLR 3216 [e]; Levin v 40 Realty, 80 AD2d 515, affd 54 NY2d 624). Although Supreme Court did not address this standard in its decision, our review of the record nonetheless reveals that plaintiff failed to meet her burden under the statute and the complaint was properly dismissed. Even were we to consider that the alleged misunderstanding between counsel as to the extension of the time to

---

* Parenthetically, plaintiff moved to reargue this decision but that motion was denied.

file a note of issue served as a justifiable excuse for plaintiff's delay *(see, Raccasi v Kaye,* 81 AD2d 661), the affidavit of merit submitted by plaintiff was clearly insufficient since it merely recited in a conclusory fashion the allegations contained in the complaint *(see, Aquilino v Adirondack Tr. Lines,* 97 AD2d 929; *Hargett v Health & Hosps. Corp.,* 88 AD2d 633).

Order affirmed, with costs. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.