■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAQUAWN ELLIS, Appellant. [700 NYS2d 871] —Crew III, J. Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered July 28, 1998, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

In December 1997, defendant was stopped by a State Trooper for driving in excess of the posted speed limit, and a subsequent search of defendant's vehicle resulted in the seizure of a quantity of cocaine. As a consequence, defendant was arrested and ultimately indicted and charged with criminal possession of a controlled substance in the second degree. Following defendant's unsuccessful motion to suppress the cocaine seized in the search of his vehicle, he pleaded guilty to the reduced charge of criminal possession of a controlled substance in the third degree and, as part of the negotiated plea, waived his right to appeal. Defendant thereafter was sentenced as a second felony offender to an indeterminate term of 4½ to 9 years in prison. Defendant now appeals.

Our review of the record reveals that defendant knowingly, voluntarily and intelligently waived his right to appeal, which included the right to appeal the denial of his suppression motion (*see, People v Collier*, 232 AD2d 878, *lv denied* 89 NY2d

863). Accordingly, we decline to entertain the merits of defendant's assertion. that County Court erred in denying his suppression motion. While defendant's contentions that his plea was not voluntary and that he was denied effective assistance of counsel indeed survive his waiver of his right to appeal (*see, People v Gibson,* 261 AD2d 710; *People v Epps,* 255 AD2d 840), we find each assertion to be without merit and, accordingly, affirm.

Mercure, J. P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.