OPINION OF THE COURT
Patrick J. McGrath, J.
The People bring a motion to have defendant’s appeal dismissed.
*533 Defendant appealed from a judgment of Brunswick Town Court (Kronau, J.), rendered July 21, 2000, convicting him, after a bench trial, of two counts of criminal contempt in the second degree, in violation of Penal Law § 215.50 (3), and sentencing him to a conditional discharge for a period of one year.
The People contend that, because defendant did not “file with the clerk of the criminal court in which such sentence was imposed * * * a written notice of appeal, in duplicate” (CPL 460.10 [1] [a] [emphasis added]), “the filing of the notice of appeal is jurisdictionally defective and thus no appeal was taken pursuant to CPL § 460.10.”
Defendant, through his attorney, acknowledges both that the notice of appeal must be filed in duplicate and that it was not filed in duplicate in the case at bar, but contends “that the requirement to serve the Notice of Appeal in duplicate is not jurisdictional but ministerial and intended to provide the trial court with a convenient method for giving notice to the Appellate Court. This function is important but, it is submitted, is not jurisdictional.” Defendant further contends that “the Clerk and District Attorney were served with Notices of Appeal within the time prescribed by law; no prejudice has resulted to any party; the Appeal is meritorious and the Courts favor resolution of disputes on the merits.”
“The right to appeal in criminal cases is determined exclusively by statute” (Matter of Santangello v People, 38 NY2d 536, 538), and “except in capital cases is a statutory privilege and the procedural requirements for the taking of such an appeal must be strictly followed. (People v. Omans, 306 N. Y. 375, 377; People v. Palmer, 5 Misc 2d 866; People v. Alpert, 28 Misc 2d 182 [Oneida County Ct.].)” (People v Van Slyke, 31 Misc 2d 434, 435 [Oneida County Ct 1961]; see also People v Colwell, 103 AD2d 169, 170-171 [3d Dept 1984], affd 65 NY2d 883.)
Defendant contends that the mandate to serve a notice of appeal is simply “a convenient method for giving notice to the Appellate Court.” The court disagrees. The failure to file the notice of appeal in duplicate prevents the implementation of CPL 460.10 (1) (e), which states: “Following the filing with him of the notice of appeal in duplicate, the clerk of the court in which the judgment, sentence or order being appealed was entered or imposed, must endorse upon such instruments the filing date and must transmit the duplicate notice of appeal to the clerk of the court to which the appeal is being taken.” That *534 this procedure is not an arbitrary choice of the Legislature and done simply as a convenience is emphasized by the fact that the procedure is different if the trial court has no clerk. In such case, appellant assumes the responsibility of the nonexistent clerk by serving the trial court Judge and the clerk of the court to which the appeal is taken. (CPL 460.10 [2].) If the Legislature had wanted to allow the latter procedure even with the existence of a trial court clerk, it could easily have done so.
Defendant points out that “all necessary parties were served with a Notice of Appeal within the time prescribed by law.” This is because, as the People allege, and is uncontroverted by defendant, the lower court clerk took it upon herself to send the original notice of appeal to the Rensselaer County Clerk’s Office after photocopying it so that she could have a copy of it for her records.
The question is, based on the above, is the defendant excused from following the statutory requirements as stated in CPL 460.10 (1) (a) if the result ends up being the same without following them? Although the court has found no cases directly on point, it has found analogous cases which make clear that the answer to the above question is an unequivocal no.
In one case, an appeal was dismissed when the People filed an affidavit of errors (used when there are no stenographic minutes [CPL 460.10 (3) (a)]) together with a stenographic transcript, and filed both in the appellate court rather than the trial court. Despite the fact that the appellate court had what it needed to consider the appeal, a notice of intent to appeal (in the erroneous form of an affidavit of errors) and the transcript of the trial, the Court of Appeals found that the defendant “did not comply with the mandate of CPL 460.10 (2) [the court means CPL 460.10 (1); see People v Duggan, 132 Misc 2d 627, 628] which specifically requires the filing of a notice of appeal with the local criminal court from which the appeal is taken.” (People v Duggan, 69 NY2d 931, 932.) The Court goes on to say that the appellant falls under none of the exceptions to proper filing of a notice of appeal provided in CPL 460.10 (6), which is true in the case at bar as well, and affirms the decision of the lower appellate court dismissing the appeal.
In People v Washington (86 NY2d 853, 854), the Court of Appeals considered “a question left open in People v Singleton (72 NY2d 845, 847): whether service by the prevailing party is necessary under CPL 460.10 [(1) (a)] in order to commence the time period for the other party to take an appeal [from an order not included in a judgment]” (emphasis added). In People v *535 Singleton, the lower court sent appellant a copy of the order rather than respondent. (People v Singleton, 72 NY2d 845, 847.)
Despite the fact that the appellant received actual notice, the court found that CPL 460.10 (1) (a) required the prevailing party to serve the order, and since there was no evidence that that was done, the court found what would otherwise have been an untimely filing of a notice of appeal timely.
Based on all of the above, the court finds that the fact that the county court clerk received the notice of appeal does not rectify defendant’s failure to serve the trial court with two copies of the notice of appeal.
Defendant cites the cases of People v Lee (41 AD2d 757 [2d Dept 1973]) and People v Armstrong (9 AD2d 1027 [4th Dept 1959]), alleging that they support his contention that his omission should not be fatal to his appeal. Both cases, however, are distinguishable from the case at bar.
People v Armstrong provides, in relevant part, “We treat the action of the District Attorney in filing a copy of the notice of appeal in the County Clerk’s office as sufficient compliance with section 524-a of the Code of Criminal Procedure and, in the exercise of discretion, hold that the appeal was timely.” (People v Armstrong, supra, at 1027.)
The Code of Criminal Procedure was promulgated in Laws of 1881 (ch 442). Section 524-a was promulgated in Laws of 1936 (ch 228). It reads as follows: “§ 524-a. Where an appellant, seasonably and in good faith, serves a notice of appeal, either upon the clerk with whom the judgment-roll is filed or upon the district attorney of the county in which the judgment was rendered, but omits through mistake or inadvertence or excusable neglect, to serve it upon the other, or to do any other act necessary to perfect the appeal or to stay the execution of the judgment appealed from; the court, in or to which the appeal is taken, upon proof by affidavit of the facts, may permit, in its discretion, the omission to be supplied, or an amendment to be made, upon such terms as justice requires.”
The first characteristic distinguishing Armstrong (supra) from the case at bar is the fact that section 524-a, cited in Armstrong, was within part IV of the old Code, which applied to procedures prosecuted by indictment only. Part V of the old Code, on the other hand, provided “for a complete system of procedure, independent of that provided for in Part IV,” and applied to procedure for appeals from cases that were brought *536 other than by indictment, such as the case at bar. (People v Omans, 306 NY 375, 377-378, supra.) Section 524-a is in no way applicable to procedures provided for in part V. (Id.) Simply put, section 524-a, were it still in existence, would not be applicable to the case at bar.
But section 524-a is more significant here than the observation made immediately above. The Criminal Procedure Law, promulgated September 1, 1971, consolidated the appellate rules for the lower and higher trial courts into CPL 460.10 and eliminated the broad discretion allowed Judges in section 524-a.
In its place, the appellate courts, including this one, have discretion in specific situations only. CPL 460.10 (6) states: “6. Where a notice of appeal, an affidavit of errors, an application for leave to appeal to an intermediate appellate court, or an application for leave to appeal to the court of appeals is premature or contains an inaccurate description of the judgment, sentence or order being or sought to be appealed, the appellate court, in its discretion, may, in the interest of justice, treat such instrument as valid. Where an appellant files a notice of appeal within the prescribed period but, through mistake, inadvertence or excusable neglect, omits to serve a copy thereof upon the respondent within the prescribed period, the appellate court to which the appeal is sought to be taken may, in its discretion and for good cause shown, permit such service to be made within a designated period of time, and upon such service the appeal is deemed to be taken.”
And CPL 460.30 (1) states, in part, that the time to appeal may be extended, upon motion of the defendant:
“[Ujpon the ground that the failure to so file or make application in timely fashion resulted from (a) improper conduct of a public servant or improper conduct, death or disability of the defendant’s attorney, or (b) inability of the defendant and his attorney to have communicated, in person or by mail, concerning whether an appeal should be taken, prior to the expiration of the time within which to take an appeal due to the defendant’s incarceration in an institution and through no lack of due diligence or fault of the attorney or defendant. Such motion must be made with due diligence after the time for the taking of such appeal has expired, and in any case not more than one year thereafter.”
If defendant’s error is not one contemplated under these subdivisions, and it clearly doesn’t fall under CPL 460.10 (6), *537 nor will the court determine it does under CPL 460.30 (1) without a motion from defendant asserting and supporting such argument, as CPL 460.30 requires (see Restrepo v Kelly, 178 F3d 634 [2d Cir 1999]), then “[t]his court, as an appellate court, has no power to extend the time of appeal or to otherwise cure defects or omissions in taking an appeal (People v. Cornell, [186 Misc 825, 828]; People v. Omans, 306 N. Y. 375, 377-378 [1954]).” (People v Dimmie, 42 Misc 2d 521, 523 [Westchester County Ct 1964], affd 15 NY2d 578; see also People v Marsh, 127 AD2d 945, 946 [3d Dept 1987].)
The court notes, in relation to the statutory exceptions, that one of them enumerated in CPL 460.10 (6) is, as noted above, “Where an appellant files a notice of appeal * * * but, through mistake, inadvertence or excusable neglect, omits to serve a copy thereof upon the respondent [as required by CPL 460.10 (1) (b), (c)], the appellate court * * * may, in its discretion and for good cause shown, permit such service to be made.” The Legislature could have easily included in this section failure to properly follow the mandates of CPL 460.10 (1) (a) as well as (b) and (c), and it chose not to.
The court also finds significant that, under the Code of Criminal Procedure, “[a]n appeal must be taken, by the service of a notice in writing on the clerk with whom the judgment-roll is filed, stating that the appellant appeals from the judgment.” (Code Grim Pro § 522.) When the notice is served on the clerk of the appropriate court, “the clerk, with whom the notice of appeal is filed, must * * * within ten days thereafter, without charge, transmit a copy of the notice of appeal and the judgment roll” to the appropriate appellate court. (Code Grim Pro § 532.) It is clear that the Legislature chose to transfer the burden of producing the copy to be sent to the clerk of the appellate court from the clerk of the trial court to the appellant by mandating that the latter submit the notice “in duplicate.” (CPL 460.10 [1] [a].)
For all of the above reasons, People v Armstrong (supra) is distinguishable from the case at bar and in fact emphasizes, through a comparison between section 524-a and CPL 460.10 (6) and 460.30, that the broad discretion allowed under section 524-a to cure errors made in the taking of an appeal was to be curtailed substantially under CPL article 460.
In People v Lee (41 AD2d 757, read on other grounds 35 NY2d 826, supra), defendant’s letter, seeking leave to appeal in forma pauperis, was treated “as an effective notice of appeal.” The Court gave no explanation or statutory authority for treating *538 the letter as such. In attempting to explain this case, a treatise stated, “Defendant’s Notice, if he appeals as a poor person, can be treated with some informality” (6 Zett, NY Grim Prac 53.9 [1], at 53-50).
Based on the court’s research, the Lee case was never cited by any later case. The only rationale for the ruling is that the court ignored the requirement of strict compliance based upon the appellant’s pro se poor person status. (See also People v Smith, 11 NY2d 933.) Such is not the case on the present appeal.
The court finds that defendant’s failure to serve the notice of appeal as mandated by GPL 460.10 (1) (a) is a fatal defect in the taking of the appeal and the appeal must be dismissed.
The court acknowledges that its decision deprives defendant of the opportunity to have his appeal heard on the merits. Certainly this court would prefer a resolution of the appeal on the merits. However, the current state of the law does not allow it. It is up to the Legislature or Court of Appeals to decide whether discretion should be expanded to the lower appellate courts to be able to address minor omissions such as the one in the case at bar.
Based upon all of the above, “the court must grant the [People’s] motion and dismiss the appeal.” (People v Duggan, 132 Misc 2d 627, 629 [Sullivan County Ct 1986], affd 69 NY2d 931, supra\ Matter of Haverstraw Park v Runcible Props. Corp., 33 NY2d 637.)