■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER B. JENNINGS, Also Known as RODNEY SPEED, Appellant. [720 NYS2d 594] —Cardona, P. J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered April 29, 1999, convicting defendant upon his plea of guilty of the crimes of reckless endangerment in the first degree (three counts), assault in the second degree, reckless driving, leaving the scene of a personal injury accident, endangering the welfare of a child (two counts) and criminal possession of stolen property in the third degree, and the traffic infraction of speeding.

While driving a vehicle in which a passenger and two young children were riding, defendant was involved in a high-speed chase with police resulting in a collision with an earthen embankment. Defendant was charged in a 26-count indictment with various felonies, misdemeanors and traffic infractions. During the pretrial proceedings, defendant moved, *inter alia,* to suppress certain evidence. Following County Court's partial denial of the motion, defendant entered into a plea agreement under which he pleaded guilty to five felony counts, four misdemeanor counts and a traffic infraction in full satisfaction of the indictment. The plea also included a promise with respect to sentencing and a waiver by defendant of the right to appeal. Defendant subsequently moved to withdraw his plea on the basis, *inter alia,* that he was denied the effective assistance of counsel. County Court assigned new counsel and, following a hearing, denied the motion. Defendant was thereafter sentenced and this appeal ensued.

Defendant's sole contention is that County Court erroneously denied his request to suppress certain evidence. Initially, we

note that a defendant's knowing, voluntary and intelligent waiver of the right to appeal as part of the plea bargain includes the right to appeal the denial of a suppression motion (*see, People v Ellis*, 268 AD2d 895, *lv denied* 95 NY2d 796). County Court fully apprised defendant of the ramifications of pleading guilty including the fact that it encompassed a waiver of his right to appeal. While represented by competent counsel, defendant indicated that he understood the rights he was relinquishing and was not coerced, forced or threatened into entering a guilty plea. The court proceeded to have defendant give a detailed allocution with respect to each crime comprising the plea. Under these circumstances, we conclude that defendant waived his right to appeal County Court's ruling on the suppression motion.

While defendant relies upon a statement made by the attorney assigned to represent him at sentencing that "[t]here is no waiver of appeal," that attorney did not represent defendant at the time of the plea nor was he evidently aware of all the conditions of the plea. Since defendant entered a knowing, voluntary and intelligent guilty plea which included a waiver of the right to appeal, the statement relied upon by defendant at the subsequent sentencing does not affect the validity of the waiver.

Mercure, Crew III, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed.