■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP A. SAYLES, Appellant. [739 NYS2d 475] —Spain, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered September 7, 2000 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the second degree.

In the course of a drug interdiction performed by the Albany County Sheriff's Department on September 15, 1999 at a bus terminal in the City of Albany, defendant was stopped, questioned and ultimately arrested by police after officers discovered a substance alleged to be cocaine among defendant's possessions. An Albany County Grand Jury subsequently charged defendant with criminal possession of a controlled substance in the first and third degrees. Defendant moved to suppress the evidence as obtained in violation of his Fourth Amendment rights. Following a suppression hearing, Supreme Court denied the motion. Thereafter, defendant pleaded guilty to the crime of criminal possession of a controlled substance in the second degree and waived his right to appeal. In exchange, defendant was sentenced as a second felony offender to an indeterminate prison term of six years to life, which was to run

concurrently with any sentence imposed for charges then pending against him in Schenectady County. Defendant appeals from the judgment of conviction.*

Defendant first argues that Supreme Court erred in denying his suppression motion inasmuch as the arresting officer admitted that he had no basis for approaching him save the fact that the bus from which defendant had disembarked had come from New York City, a known source city for drugs (see, *People v McIntosh*, 96 NY2d 521, 527). We need not consider this argument, however, because defendant's knowing, voluntary and intelligent waiver of his right to appeal foreclosed any challenge to the denial of his suppression motion (see, *People v Kemp*, 94 NY2d 831, 833; *People v Jennings*, 280 AD2d 697, 697-698, *lvs denied* 96 NY2d 920, 924). Although a waiver of the right to appeal at the time of a plea will not preclude a defendant from subsequently arguing that his plea was not knowingly, intelligently and voluntarily entered (see, *People v Seaberg*, 74 NY2d 1, 10), here defendant does not challenge the voluntariness of his plea.

In any event, the record reveals a lengthy plea colloquy which demonstrates that the plea and waiver of the right to appeal were knowing, voluntary and intelligent. Among other things, defendant stated that he had discussed his case with his attorney and that he understood that he was giving up his legal and constitutional rights and any defenses he may have

---

* The People argue that the matter must be dismissed because defendant filed the notice of appeal with this Court instead of "the criminal court in which such sentence was imposed" as required by statute (CPL 460.10 [1] [a]; *see, People v Doyne*, 178 AD2d 870, 871). Although the notice of appeal is addressed to the Clerk of this Court, an original date-stamped copy of the notice of appeal and cover letter—forwarded to this Court by Albany County Court, where defendant was sentenced—indicates that the notice of appeal was timely and properly filed with the Clerk of the Albany County Court. The People also submit that defendant failed to timely serve the District Attorney with the notice of appeal as required by CPL 460.10 (1) (b). Given the fact that a failure to serve a notice of appeal that has been properly filed is within this Court's power to forgive (*see,* CPL 460.10 [6]), the error is not jurisdictional and, thus, may be waived (*see, People v Pellicella*, 22 NY2d 116, 118; *see also, People v Sher*, 35 NY2d 310, 311; *cf., People v Dimmie*, 42 Misc 2d 521, 526, *affd* 15 NY2d 578; *People v Ashe*, 187 Misc 2d 532, 533-534; *People v Yates*, 165 Misc 2d 375, 376, *lv denied* 86 NY2d 743). Here, we hold that the People waived any objection to defendant's failure to serve the notice of appeal by responding to his appeal on the merits rather than filing a motion to dismiss the appeal at some earlier juncture, such as, for example, in response to defendant's prior successful motions to appoint new counsel and to extend the time to perfect his appeal. The People, moreover, have failed to demonstrate any prejudice as a result of defendant's alleged failure to comply with CPL 460.10 (1) (b).

with respect to the charges against him. Furthermore, at sentencing, defendant personally addressed Supreme Court and raised several issues, including his argument that the circumstances leading up to his arrest constituted a violation of his Fourth Amendment rights. Supreme Court then gave defendant the opportunity to withdraw his guilty plea, which he declined. Under these circumstances, defendant failed to preserve any challenge to the voluntariness of his plea (*see, People v Fennell*, 284 AD2d 795).

Defendant also argues that he was not provided effective assistance of counsel, alleging that defense counsel should have submitted a memorandum of law in support of his suppression motion and failed to advise defendant of his right to testify before the Grand Jury. These arguments do not go to the quality of defense counsel's representation with respect to defendant's decision to plead guilty and, accordingly, are foreclosed by defendant's general waiver of his right to appeal (*see, People v Johnson*, 288 AD2d 501, 503).

Finally, because appellate review of an alleged jurisdictional defect is not forfeited by a guilty plea or waiver of the right to appeal (*see, People v George*, 261 AD2d 711, 713, *lv denied* 93 NY2d 1018), we turn to defendant's argument that the indictment was jurisdictionally defective because it was not properly authenticated. We find that the indictment was, in fact, signed by the foreperson of the Grand Jury and, therefore, reject defendant's argument (*see*, CPL 200.50 [8]; *Brotherton v People*, 75 NY 159, 162).

Mercure, J.P., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.

