■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAD REID, Appellant. [768 NYS2d 672]—

Carpinello, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered June 4, 2002, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

Indicted for criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, defendant pleaded guilty to the latter count in exchange for, inter alia, a 4- to 8-year prison term. The charges stem from evidence that defendant possessed cocaine in a City of Albany motel room on the afternoon of January 4, 2002. On appeal, defendant argues that County Court erred in a particular suppression ruling, namely, permitting the People to introduce certain physical evidence seized from his motel room on the ground that same was derived from an illegal search. Significantly, however, defendant waived his right to appeal as part of his guilty plea, a waiver which encompasses the denial of this suppression motion (*see People v Wilkins*, 294 AD2d 707, 708 [2002], *lv denied* 98 NY2d 703 [2002]; *People v Sayles*, 292 AD2d 641, 642 [2002], *lv denied* 98 NY2d 681 [2002]; *People v Jennings*, 280 AD2d 697, 697-698 [2001], *lv denied* 96 NY2d 920 [2001]).

In any event, the argument lacks merit. Testimony at the suppression hearing established that on the afternoon in question, defendant opened the door of his room to a motel manager, who was accompanied by police officers investigating alleged drug activity. According to the testimony of one of these officers, he was then able to observe, in plain view, marihuana on a table in the room.* Pictures depicting the motel room, including the table on which the marihuana was seen by this officer from his vantage point at the door, were introduced into evidence. Defendant claims that this officer's testimony was "incredible and unworthy of belief." County Court, however, specifically credited it in denying defendant's suppression motion. Fundamentally, "credibility determinations made by the suppression court are to be accorded great deference" (*People v Esposito*, 191 AD2d 746, 747 [1993], *lv denied* 81 NY2d 885 [1993]). Here, since there was nothing inherently incredible or improbable about the officer's testimony, there is no basis to disturb the court's determination and denial of the motion was proper (*see e.g. People v Gonzalez*, 232 AD2d 231 [1996], *lv denied* 89 NY2d 923

---

* Notably, defendant did not deny during his hearing testimony that there was marihuana on a table in the motel room that day, but claimed that it was located on a table unobservable by the officer from the doorway.

[1996]; *People v Maylor*, 184 AD2d 371 [1992], *lv denied* 80 NY2d 906 [1992]).

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.